[No. 7,352.—Department One.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* A. J. DONNELLY ET AL.

TAXATION OF LAND PURCHASED FROM THE STATE—PROPERTY—DEFINITION.— The definition in the Constitution and Statutes of property subject to taxation is broad enough to include the possessory right and imperfect interest acquired by a purchaser from the State, prior to payment of the purchase money or patent; and the State is not estopped from assessing the same.

ID.—DELINQUENT LIST.—Under the Revenue Act of March 28th, 1874, the delinquent list was *prima facie* evidence of every fact necessary to maintain an action for taxes.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Superior Court of Sacramento County.

*M. C. Hassett,* for Appellant.

*Pressly Dunlap,* for Respondent.

McKINSTRY, J.:

Action to recover a tax levied in 1873. The answer, as an affirmative defense, contained the following:

"That on or about the month of January, 1871, the State of California, plaintiff herein, was the owner and in possession of the lots of land described in the complaint, the same being salt marsh and tide lands.

"That on or about the said month of January, 1871, the Board of Tide Land Commissioners, duly appointed and commissioned under and by virtue of an Act of the Legislature of the State of California, entitled 'An Act to Survey and Dispose of Certain Salt Marsh and Tide Lands belonging to the State of California'—approved March 30, 1868, and an Act supplementary to and amendatory of an Act entitled 'An Act to Survey and Dispose of Certain Salt Marsh and Tide Lands belonging to the State of California'—approved March 30, 1868, and approved April 1, 1870, offered for sale, at public auction, to the highest bidder, the land described in the complaint, upon substantially the following terms and agreement, to wit:

"The parties purchasing the said lots were to pay for the same in four equal annual installments, and upon payment of the last installment, the State of California, through the said Board of Tide Land Commissioners, would make a deed of conveyance to the parties purchasing the said lands; and it was further understood and agreed, that the title to the said land was to remain in the State of California until the last installment would be paid as aforesaid, and the sale approved by the said Commissioners; and it was further understood and agreed, that no title or interest in the said land was to pass to the purchaser at the sale until the last installment should be paid up as aforesaid; and it was further understood and agreed, that the said lands should not be assessed for any tax or assessment until after the payment by the purchaser at the sale of all the said installments; and it was further understood and agreed, that if the purchaser at the sale failed to pay any of the installments at the time specified for payment, all the payments made were to be forfeited to the State.

"That on or about the 5th day of said month (January, 1871), at the said sale, the defendants became the purchasers of the lots described in the complaint, for the sum of sixteen

thousand dollars, upon the foregoing terms and agreement with the said Board of Tide Land Commissioners.

"That by the terms of said agreement at the said sale, the defendants were not to pay the last installment of the purchase price until the year 1874, and long after the alleged assessment upon the said land was made by the said Assessor.

"That the defendants did not pay up the last installment, or receive a deed of conveyance to the said lots, until about the month of June, 1874, one year after the said tax assessment was levied upon the said land; and the defendants further aver, that at the date of said assessment the right and title to the said land was in the State of California, and the said lots were unassessable by law, and the assessment of the same to these defendants was illegal and against law."

The plaintiff's demurrer to the foregoing was properly sustained. The definition of "property," subject to taxation, in the Constitution and statutes is broad enough to include defendant's possession and right of possession, with the right, on payment of the balance of the purchase money, to a patent. (Political Code, §§ 3617, 3659; *People* v. *Shearer,* 30 Cal. 645; *People* v. *Frisbie,* 31 id. 146; Statutes 1867–8, p. 720.) By compact contained in the act of Congress admitting California into the Union, no portion of the public lands of the United States can be taxed; land which has been such can be taxed only when a patent has issued, or when the private proprietor has acquired a "perfect equity." (*C. P. R. R. Co.* v. *Howard,* 52 Cal. 227.) But the State is estopped by no such compact from taxing the possessory right and imperfect interest acquired by a purchase from herself. Even as to public United States lands it has been held that the occupant's possession and improvements may be taxed by the State. (*People* v. *Shearer,* 30 Cal. 655.)

The delinquent list was *prima facie* evidence of every fact necessary to maintain the action. (Statutes 1873–4, p. 748, § 15.)

Judgment and orders affirmed.

ROSS. J., and McKEE, J., concurred.