JACOB BRACKETT *versus* ISRAEL VINING.

If a collector of taxes keeps property, which he has seized on his warrant, beyond the time within which it could be legally sold, he thereby becomes a trespasser *ab initio* ; and the owners may replevy it.

TRESPASS. From the report of the evidence, offered at the trial, it appears that the plaintiff was the collector of a school district tax, and, by virtue of his warrant, seized a horse as the property of one *Lord*, who refused to pay his assessed proportion of the tax. The property was taken by the plaintiff on the 27th day of October, 1859 ; on the day following, he gave public notice for its sale on the third day of November, — on which day, and before the hour appointed for the sale, the defendant, as a deputy sheriff, having a writ of replevin in favor of said Lord, took the horse from the plaintiff's possession ; whereupon, this action was commenced.

Brackett *v.* Vining.

At *Nisi Prius*, APPLETON, J., presiding, questions were raised by the counsel of the defendant, involving the legality of the tax, and of the proceedings of the plaintiff under his warrant. For the purpose of presenting the questions to the full Court, the presiding Judge overruled the objections, and a verdict was rendered for the plaintiff. The defendant excepted.

At the argument on the exceptions, the counsel of the defendant, *D. D. Stewart*, submitted the case upon the point, that, by the terms of the warrant and by the statute, the property should have been sold at the expiration of four days after its seizure. After that time, the plaintiff could not legally sell. The keeping of the horse seven days, at least, before the day of sale, was an unauthorized act, and the plaintiff thereby became a trespasser *ab initio*.

*Hutchinson*, for the plaintiff.

GOODENOW, J. — The plaintiff did not comply with the directions of the warrant, by virtue of which he took the property in controversy, nor with the requirements of the statute relating to the sale of the property so taken. The warrant, therefore, is insufficient to protect him. He kept the property too long — beyond the expiration of the time, when it should have been sold — and, by so doing, must be regarded as a trespasser *ab initio*. It is unnecessary to consider the alleged illegality of the proceedings in the assessment of the tax. The exceptions must be sustained, verdict set aside, and *a new trial granted*.

TENNEY, C. J., RICE, CUTTING, MAY and DAVIS, JJ., concurred.