FARNSWORTH COMPANY *vs.* JORDAN RAND.

Androscoggin, 1875.—February 24, 1876.

*Tax.   Officer.   Corporation.   Replevin.*

The official oath of a municipal officer may be proved by parol when there is no record of it.

Misnomer of a corporation will not necessarily defeat a tax against it.

A distress for a tax retaken and held on replevin does not operate as payment or discharge of the tax.

The statute requires the collector to keep a distress for taxes four days, and then sell. Where the distress was taken on the fifth of March, and advertised to be sold on the eleventh; *held*, that the collector, not being authorized to keep the property so long, became a trespasser *ab initio*.

Exceptions to erroneous rulings will not be sustained where the excepting party on account of fatal errors of his own cannot prevail in the suit.

A collector of taxes may justify a distraint of goods and chattels belonging to the Farnsworth Company, for a tax assessed by the town authorities upon the Farnsworth Manufacturing Company, by showing that the corporation does business under the name of the Farnsworth Manufacturing Company, and is as well known by that name as by its true name, and that they were liable to taxation in the town, and that the property upon which the tax was assessed belonged to them, and the assessors intended the assessment to apply to them, but made a mistake in the corporate name, provided his own proceedings are in all respects regular. But he will have no cause to complain of the exclusion of such evidence in a case where there is a distinct and fatal error in his own proceedings. If he keeps goods distrained for a tax more than four days without selling them, according to the requirements of R. S., c. 6, §§ 94, 104, the owner may replevy them. If the owner prevail in a replevin suit under such circumstances, the tax cannot be regarded either as void or as satisfied, and the collector may make a new distraint for the same, conforming to the law in his proceedings.

ON EXCEPTIONS.

REPLEVIN for seven bales of California wool, valued at $1227.

The defendant, legally chosen collector of taxes of Lisbon in 874, received a warrant from the assessors for the collection of a tax assessed against "The Farnsworth Manufacturing Company." The warrant following the statute provides : "If any person refuses or neglects to pay the sum he is assessed, you are to distrain his goods to the value thereof, and the distress so taken to keep for the space of four days; and if he does not pay within four days, then you are to sell," etc. The wool was taken by the defendant as collector, March 5, 1874, and advertised to be sold March 11. It was admitted that there was no record of the required official oath of the collector, and that the wool was the property of the "Farnsworth Company." The defendant testified that he seasonably took the official oath, and offered to prove that the plaintiff company is known as well by the name of "The Farnsworth Manufacturing Company," as by the name of "The Farnsworth Company." The presiding justice to whom the case was submitted with right of exceptions, ruled the evidence inadmissible and ordered judgment for plaintiffs with nominal damages. The defendant excepted.

*W. P. Frye, J. B. Cotton,* and *W. H. White,* for the defendant.

The counsel conceded that the distress was kept too long, and for that reason the plaintiffs must recover here, but asked the opinion of the court on other questions raised, to settle legal rights and prevent further litigation.

*A. P. Moore*, for the plaintiffs.

BARROWS, J.   Replevin for seven bales of wool belonging to the plaintiffs, the taking of which the defendant claims to justify as a distraint for taxes assessed by the town of Lisbon upon the plaintiff corporation by the name of "The Farnsworth Manufacturing Company," for the year 1873, and as a seizure duly made by him as collector, acting by virtue of a regular warrant from the assessors of the town.   There was no record evidence that the defendant took the oath necessary to qualify him as collector, though the records show that he took the oath of office as constable, March 25, 1873.

This latter oath was not sufficient to qualify him to act in the collection, for he was proceeding therein as a collector duly chosen, and not as a constable to whom the collection had been committed under R. S., c. 6, § 97.   *Payson* v. *Hall*, 30 Maine, 319. But he testifies positively and distinctly that when he was notified that the bills were ready, he took the required oath before the town clerk to qualify himself as collector.

In the absence of record evidence the parol proof was competent. *Hale* v. *Cushing*, 2 Maine, 218.   *Kellar* v. *Savage*, 17 Maine, 444.   *Hathaway* v. *Addison*, 48 Maine, 440.   His testimony was not qualified, hesitating, and uncertain, like that offered in *Chapman* v. *Limerick*, 56 Maine, 390.   While the testimony of the person administering as well as that of the person taking the oath is desirable if it can be had, it cannot be said that a clear and direct statement made by either, when it appears to proceed from a distinct recollection of the fact, is insufficient to establish it.

The defendant offered his warrant and the list of taxes committed to him, and offered to prove that the plaintiff corporation is known as well by the name of "The Farnsworth Manufacturing Company" as by the name of "The Farnsworth Company;" that merchants and business men of Lisbon where the company's prop-

erty is located, do business with the plaintiffs as "The Farnsworth Manufacturing Company," presenting accounts against them under that name, which are paid without objection ; that the plaintiffs' agent, upon presentation of the tax bill, offered a check in payment of it, pointed out the wool distrained, and during all the proceedings, no notice was given of the change of name, or that the name was wrong ; that in the books of assessment and valuation upon which this tax was made, the lands and property of the plaintiffs are described ; that plaintiffs had never given in any list of their taxable property, and that the assessors of 1873 were ignorant of the change in the name of the corporation, and had never been notified of it by the plaintiffs.

This evidence the presiding judge, to whom the case was submitted with right to except, rejected, and ordered judgment for the plaintiffs with nominal damages ; doubtless upon a ground to be hereafter noticed.

Counsel have discussed the general question of the admissibility of the evidence offered and rejected, and for the purpose of avoiding further litigation in the premises we proceed to consider the points made, though as we shall hereafter see, they cannot be decisive of the result in the present suit. This being the case it is not material here whether defendant's offer includes all that should be shown in order to constitute a justification. We assume that it was designed to cover all that would be necessary, provided it is held competent to show that while the valuation books of the assessors, and the warrant and tax list under which the collector acted, showed no tax against these plaintiffs by their true and correct name, the plaintiffs' property was in fact the property which the assessors intended to tax, and was liable to taxation, and that it was by an error or mistake of the assessors that the misnomer of the owner occurred.

The direct question is, can the collector justify the taking of goods and chattels belonging to a corporation the name of which is incorrectly stated both in the assessment and tax list, through the mistake of the assessors, to pay a tax for which such corporation would have been legally responsible had its true name appeared upon the assessors' books, and the tax list committed to the

collector.   We think he may ; and that proof of such mistake and parol evidence to identify the corporation intended to be taxed and their property, is competent in suits like this whenever the collector's proceedings are found in other respects justifiable and regular.   The mistake in the name is fairly within the mischief designed to be remedied by § 114, c. 6, R. S., of 1871, which provides that no error, mistake or omission by the assessors, collector, or treasurer, shall render an assessment void, and remits the party to his action against the town for "any damages he has sustained, by reason of the mistakes, errors, or omissions of such officers." It is true this provision is not so specific as that contained in the Revised Statutes of Massachusetts, c. 8, § 5, which was the subject of construction in *Tyler* v. *Hardwick*, 6 Metc., 470 ; but it is even more comprehensive ; and the reasons assigned by Shaw, C. J., for applying the remedy furnished by the Massachusetts statute to the case then before the court, apply with equal force and precision to the case before us.

It is precisely in this part of the work of the assessors, that errors, mistakes and omissions are most liable to occur ; and mistakes of this description would commonly be avoided or seasonably corrected, if the tax payer obeyed the requirements of the statute, and returned a list of his taxable property when the assessors issue their notice.

If the party is liable to taxation, and is in fact the party whom the assessors intended to tax, it would be manifestly unjust that he should escape taxation for so trivial a cause as an error, mistake, or omission in his designation, when his identity with the party designed to be taxed, can be established ; and the statute was framed to prevent such a result.   Nor is it so absolutely essential that corporations should be described by their true names, as to place them in this respect on a different footing from natural persons.   The old objection that a corporation, being a mere creation of the law, can and must be known by its true name only, and if the name be varied it cannot be known at all, was deemed nugatory in *Minot* v. *Curtis et als.*, 7 Mass., 441 ; and subsequent decisions have tended more and more to assimilate all corporations created for business or profit, in legal proceedings, to natural per-

sons so far as their rights, duties and liabilities are concerned. Even in the absence of such a statute for the relief of errors, mistakes and omissions, the reasoning of more than one highly respectable court goes far to show that neither corporations nor individuals can be allowed to avail themselves of pretexts of this sort to escape taxation, when their identity and liability to be taxed can be clearly established. *Souhegan Nail, Cotton and Woolen Factory* v. *McConihe,* 7 N. H., 309. *O'Neil et als.* v. *The Virginia & Maryland Bridge Co.,* 18 Md., 1. *Van Voorhis* v. *Budd,* 39 Barb., (N. Y.) 479.

If proof of the plaintiffs' identity and liability to taxation, and of the intent to tax them on the part of the assessors, and of the assessors' mistake in the name and designation of the plaintiffs upon the valuation and tax lists had been all that was necessary to perfect the defendant's justification, the presiding judge would not have excluded the testimony offered by the defendant nor ordered judgment for the plaintiffs. But the case showed that the defendant, after distraining the plaintiffs' goods for the tax kept them beyond the four days at the expiration of which, according to his warrant, (the form of which is prescribed in R. S., c. 6, § 94,) and according to the requirements of c. 6, § 104, they should have been sold, and therefore had his tax list and the assessment been entirely correct and free from the mistake which he proposed to prove and obviate, he must still have been regarded as a trespasser *ab initio* and liable to have the property taken out of his hands as it was by this suit. *Brackett* v. *Vining,* 49 Maine, 356.

Judgment must for this cause go for the plaintiffs even if the tax had been assessed against them by their true name.

The plaintiffs' counsel contends that the defendant, having once taken sufficient property of the plaintiffs to satisfy the tax, cannot hereafter make another distraint for the same tax. This cannot be so in a case where the property distrained has been returned to the owner on account of the defect in the proceedings with costs and damages for taking it, and without being in any manner appropriated to the discharge of the tax. The case is not like that of *Packard* v. *New Limerick,* 34 Maine, 266, the doctrine of which is that where land has been sold by a collector of taxes for

an amount sufficient to cover the taxes and expenses, and the purchaser has paid that amount, there is no further claim upon the lands or the owner of them for those taxes whether the purchaser gets a good title or not—that the validity of the sale is a matter between the collector and purchaser only and the purchaser must rely on the collector's covenants and is compensated for his risk by being allowed at the rate of twenty per cent. for the use of his money, if the land is redeemed, or his chance of becoming the owner of the land usually for a small part of its value, if it is not. The distinctions between such a case and the present are obvious. This tax has never been paid or satisfied, and if the defendant shall hereafter make a distraint of the plaintiffs' property in conformity with the requirements of law and his warrant, it will be competent for him to complete his justification of such sale by proof of the assessors' mistake in the plaintiffs' name and other matters necessary to his justification, though the evidence was rejected here as unavailing. To make such proof admissible it is not necessary that the mistake of the assessors should be first corrected under R. S., c. 3, § 8, or c. 6, § 37. Such correction if it could be made would make the proof needless. But it would have been admissible and necessary in order to justify the distraint of property belonging to the Farnsworth Company for a tax assessed against the Farnsworth Manufacturing Company, if the mistake in the name had been the only one in the course of the proceedings. As we have seen, there was an entirely distinct and fatal error in the proceedings of the collector himself, which made the exclusion of the testimony he offered in this suit immaterial.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.