CASE 60.—ACTION BY ANNA L. BROCKING AGAINST P. D. O'BRYAN TO RECOVER THE VALUE OF HER PROPERTY WRONGFULLY SOLD FOR HER HUSBAND'S TAXES.—October 2.

# Brocking v. O'Bryan

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for defendant, plaintiff appeals—Reversed.

1. Taxation—Sale of Property of One for Taxes of Another.— Taxes against a man not being a lien on his wife's property, sale of such property for such taxes is void.

2. Same—Purchase at Void Tax Sale—Remedies of Owner.—The purchaser of property at a void tax sale, who takes it and converts it to his own use, is liable to the owner for conversion, though the owner may, at his election, sue for the property.

3. Estoppel.—If the owner of property stood by and without objection allowed it to be sold for taxes of another, this is matter of estoppel, which, to be available in an action by the owner against the purchaser for conversion, must be pleaded by answer.

R. G. HILL for appellant.

LAVEGA CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Anna L. Brocking brought this suit in the Daviess circuit court which sustained a demurrer to her petition, and she appeals.

The facts stated in the petition, as the case is presented, are these: J. C. O'Bryan in the year 1907 was tax collector for the city of Owensboro. As such he had in his hands for collection taxes against B. B. Brocking, the husband of Anna L. Brocking. He levied the taxes on a phaeton, which was the individual property of Anna L. Brocking, and sold it at public auction. The defendant, P. D. O'Bryan, became the purchaser at the sale, and took and carried away the phaeton, and appropriated it to his own use. The tax collector had no claim against her, and it is alleged in the petition that the sale was void, and that thereby she was damaged in the sum of $200, for which she prayed judgment.

The taxes against B. B. Brocking were not a lien upon the property of the wife, Anna L. Brocking. The officer might legally sell the property of the husband for his taxes; but he was without authority to levy the taxes which he held against the husband upon the property of the wife. His levy upon the wife's property, and his sale of her property under the taxes which he held against her husband, were void. A void act is a nullity. It is as though it had never been done. It confers no rights. It protects no one. The sale of Mrs. Brocking's phaeton for the taxes of her husband being void, the purchaser, P. D. O'Bryan, stands as though the sale had never been made, so far as her right to compensation for the in-

jury goes.  He has taken and carried away and con-
verted to his own use her phaeton, if the petition is
true, without any right so to do.  The rule is that
the officer who sells the property of a stranger under
a writ is liable to the owner for the damages that he
sustains.  Christopher v. Covington, 2 B. Mon. 357.
The purchaser of personal property at a void tax
sale, who takes it and converts it to his own use, is
also liable for conversion, although he may have acted
in good faith.  There is no distinction in this regard
between a purchaser at a private sale, which is void,
and the purchaser at a void tax sale.  28 Am. & Eng.
Encyc: of Law, 702.

The owner of the property may either bring an
action to recover the property or its value, or he
may sue in damages for its conversion.  The rule that
he may waive the trespass and sue in trover was well
settled at common law.  1 Chitty on Pleadings, 161.
He is not compelled to sue for the property, but may
sue to recover damages for the conversion, and even
where he sues for the property, or its value, he may
at his election take an execution for the assessed
value of the thing, and not an execution commanding
the officer to take the thing and deliver it to him.
Ky. St. 1903, section 1665.  In 21 Encyc. Pleading
and Practice, 1025, the rule is thus stated: "Trover
and detinue are concurrent remedies, either of which
the plaintiff may pursue at his election; trover being
an action for damages for the conversion of the prop-
erty, and detinue being an action for the recovery of
the property in specie, or for damages for its unlawful
detention."

If it be true that the plaintiff stood by and allowed
her property sold without making objection, when
under the circumstances she was called upon to make

known her rights, this is matter of estoppel, which, to be available, must be pleaded by answer.

Judgment reversed, and cause remanded, with directions to the circuit court to overrule the demurrer to the petition, and for further proceedings consistent herewith.