PERHAM, RESPONDENT, v. PUTNAM ET AL., APPELLANTS.

(No. 6,281.)

(Submitted April 16, 1928.   Decided May 9, 1928.)

[267 Pac. 305.]

*Claim and Delivery—Automobile Sold on Conditional Sale Contract—Default of Buyer—Void Tax Sale—Right of Possession in Dealer—Complaint—Tax Sales—Statutes—Strict Compliance—Caveat Emptor.*

**Claim and Delivery—Plaintiff must Show Himself Entitled to Possession at Time of Commencement of Action.**
  1.  Plaintiff in an action in claim and delivery must plead and prove that he was entitled to the immediate possession of the chattel at the time of the commencement of the action.

**Same — Automobile Sold Under Conditional Sale Contract — Action Against Purchaser at Tax Sale—Complaint Need not Allege Demand on Original Buyer.**
  2.  In a claim and delivery action by an automobile dealer to recover possession of a car sold to the purchaser under conditional sale contract and bought by defendants on delinquent tax sale before it had been fully paid for, plaintiff was not required to plead the contract and forfeiture thereof, nor, the purchaser having been in default and out of possession, was it necessary to show a demand upon him for possession.

**Same—Tax Sale of Automobile—Complaint—What Surplusage.**
  3.  In an action of the nature of the above, an allegation in the complaint that the property sought to be recovered had not been taken for a tax was surplusage and hence plaintiff was not required to prove it.

**Same—Action Does not Lie Against Officer, but Does Lie Against Purchaser at Tax Sale, When.**
  4.  While claim and delivery does not lie to recover possession of personal property seized for a tax and in possession of an officer, unless the tax is absolutely void, it does lie against the purchaser at the tax sale for fatal irregularity in the sale.

**Tax Sales of Personal Property—Statutory Provisions must be Strictly Pursued.**
  5.  Tax sales must be conducted in strict compliance with the statute and no presumption can be raised to supply defects in the proceedings for the sale; provisions regarding notice are imperative, and where the officer proceeds in disregard of them he becomes a trespasser *ab initio.*

1. Replevin, see note in 80 Am. Rep. 741.   Necessity and sufficiency of allegation in application as to ownership or right of possession, see notes in 11 Ann. Cas. 1150; Ann. Cas. 1912A, 333.   See, also, 5 Cal. Jur. 160, 185; 23 R. C. L. 864, 925.
  2.  See 5 Cal. Jur. 185, 188; 23 R. C. L. 880, 928.
  5.  See 24 Cal. Jur. 325, 26 R. C. L. 395.

**Same—Notice of Time and Place—Statute Controlling.**

6. Section 2242, Revised Codes 1921, relative to notice of time and place of sale of personal property seized for delinquent taxes, in conflict with section 2 of Chapter 102, Laws of 1923, amendatory of section 2239, Id., *held* repealed by the 1923 Act.

**Same—Defective Notice—Sale Void.**

7. Under section 2239, Revised Codes 1921, as amended (Chap. 102, Laws 1923), sales of personal property seized for taxes must be conducted by the county treasurer who is required to proceed in the manner prescribed for sales of property on execution by the sheriff, the treasurer being empowered to appoint the sheriff as his deputy for the purpose of making the sale. The notice posted by the sheriff, as such deputy, of the sale of an automobile for delinquent taxes was entitled "Execution sale of personal property for taxes" instead of treasurer's sale of personal property seized for taxes, and entitled as a court action, it being signed by the sheriff and his deputy. *Held*, that the notice was in effect one of a sheriff's and not a treasurer's sale did not comply with the statute, and rendered the sale void.

**Same—Rule of *Caveat Emptor* Applies.**

8. The purchaser at a tax sale buys at his peril and the rule of *caveat emptor* applies, and if the sale prove to have been void for noncompliance with statutory requirements, the purchaser acquires no title.

**Claim and Delivery—Default of Purchaser of Automobile Under Conditional Sale Contract—Void Subsequent Tax Sale—Right of Possession in Whom.**

9. Where the buyer of an automobile under a conditional sale contract prior to its seizure for taxes had defaulted, the right to its possession was in the seller, and after its seizure resulting in a void sale that right again reverted to him, and therefore he could properly sue the purchaser at the tax sale in claim and delivery to recover its possession.

**Same — Sale of Automobile on Conditional Sale Contract — Default of Buyer — Void Tax Sale — Dealer not Required to Reimburse Purchaser at Tax Sale.**

10. Since the purchaser at a tax sale buys at his peril, plaintiff in a claim and delivery action to recover possession of an automobile from its purchaser at a sale void for fatal irregularity need not offer to reimburse the purchaser for his outlay before asserting right to its possession, the equitable doctrine that he who seeks equity must offer to do equity not being applicable in such a case.

---

[1]   Replevin, 34 Cyc., p. 1387, n. 54.
[2]   Replevin, 34 Cyc., p. 1409, n. 20.  Taxation, 37 Cyc., p. 1279, n. 10.
[3]   Pleading, 31 Cyc., p. 675, n. 38.
[4]   Replevin, 34 Cyc., p. 1374, n. 71, p. 1382, n. 12.
[5]   Taxation, 37 Cyc., p. 1231, n. 50.
[6]   Taxation, 37 Cyc., p. 1231, n. 49.
[7]   Taxation, 37 Cyc., p. 1239, n. 22.
[8]   Caveat Emptor, 11 C. J., p. 43, n. 4.
[10]  Equity, 21 C. J., sec. 152, p. 175, n. 23.

9. Right to replevin property held under contract of conditional sale, see note in 1 Ann. Cas. 268. See, also, 5 Cal. Jur. 172.

[82 Mont. 349.]

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by A. Perham, doing business as the Montana Cadillac Company, against O. M. Putnam and another. Judgment for plaintiff and defendants appeal. Affirmed.

*Mr. Nick Rotering* and *Mr. R. L. Clinton,* for Appellants, submitted a brief; *Mr. Clinton* argued the cause orally.

· *Mr. P. E. Geagan* and *Mr. Louis P. Donovan,* for Respondent, submitted a brief; *Mr. Geagan* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is a replevin action, instituted to recover possession of an automobile, seized and sold for taxes, or the value thereof, if possession might not be had.

Plaintiff was engaged in the business of selling automobiles. On a conditional sale contract, he sold an automobile to one George George, a resident of Butte, Silver Bow County. George took possession of the car and took it to the oil fields in Toole County and there used it throughout the summer and fall of 1924. In January, 1925, George had the car put in storage in the Eckel Motor Garage, conducted by the Eckel Motor Company, in Shelby, county-seat of Toole County, where it remained continuously until the tenth day of September, that year, and until sold for taxes, at that time. Thus the car was there at noon, the first Monday of March, 1925, and at that time was claimed by and under the control of George and, constructively, was in his possession.

In June, 1925, the assessor of Toole County, learning the car was there and had been there on the first Monday of March, that year, and that it was claimed by George, assessed it, for the year 1925, to George. Not being able to find George, the assessor made the statement of the assessment, the assessment list, and estimated the value of the car at $1,500, and

notified the county treasurer thereof. That official spread the assessment on the assessment-roll for 1925. July 6, 1925, the treasurer made notice, addressed to George George, of the assessment and the amount of the tax, $28.50, due thereon and mailed it to George George, care of Eckel Motor Company, Shelby, Montana, and mailed a duplicate thereof to George George, Butte, Montana. The tax was not paid nor was any part of it.

The treasurer, by written appointment, appointed the sheriff of Toole County a deputy county treasurer, as provided in Chapter 102, Session Laws of Eighteenth Assembly, 1923, for the purpose of seizing the car and selling it for the tax due thereon. The sheriff, as a deputy county treasurer, seized the car, took possession of it and put on it a notice of seizure. He seized it, September 4, 1925. That day were prepared notices that he would sell the car, at sheriff's sale, at the Eckel Motor Garage, in the City of Shelby, in Toole County, at 2 o'clock P. M., September 10, 1925. September 4, four of the notices were posted in four public places, in Shelby, by a deputy sheriff. Thus, six days' notice was given.

The day of sale, as noticed, the sheriff sold the car, at public auction, for cash, to Putnam, a defendant herein, he being the highest bidder, for the sum of $100, the highest sum bid, and Putnam took possession of the car and took it away. Later, Putnam undertook and purported to sell a half interest in the car to Taylor, the other defendant herein. The sheriff, as a deputy county treasurer, executed and gave to Putnam a certificate of sale of the car and he made due return of the sale and delivered the proceeds thereof, less his costs, to the treasurer.

Later, demand was made by plaintiff, through an attorney, upon defendants for possession of the car. The demand was not complied with and plaintiff brought this action for recovery of the car or its value, if return of the car could not be made. At the beginning of the action, by direction of plaintiff and

upon the required showing, the sheriff seized the car and de-
livered it to plaintiff.

The complaint is the ordinary complaint in claim and de-
livery. The closing paragraph of the complaint is that the
"automobile was not taken for any tax, assessment or fine
pursuant to statute or seized under an execution or attach-
ment against the property of the plaintiff and that the said
automobile was and is of the actual value of eight-hundred
dollars; the same is now wrongfully and unlawfully retained
by defendants."

The answer, upon information and belief or positively, de-
nies all of the allegations of the complaint and, for a separate
and affirmative defense, sets up the seizure and sale, by an
authorized official, of the car and the purchase thereof, at offi-
cial sale, by Defendant Putnam and alleges the use of the car,
of which defendants are deprived, is worth $100 per month.

A reply, denying the essential allegations of the affirmative
defense, was filed.

The case was tried to the court, without a jury. The
foregoing narrated facts were established by the evidence.
It was shown, also, that George had made the most of the
monthly payments called for by his conditional sale contract
but was in default as to two of them, when the car was seized
by the sheriff. The contract was put in evidence. It provides
that title shall remain in the seller until full payment of pur-
chase price. It provides that George should keep the car "free
of all taxes." It has the usual defeasance clause, providing
that, if George default in any of the terms of the contract, the
whole of the purchase price, at the election of the seller, shall
be immediately due and payable and, after default, George's
possession of the car shall be unlawful and the seller may take
immediate possession and, for that purpose, may enter upon
the premises where the car may be and take and remove it.
It was shown, further, that plaintiff knew nothing of the
whereabouts of the car nor of the assessment of it nor of the
tax due thereon nor of the seizure or sale of the car until after

the sale, when he learned of the seizure and sale and of defendants' possession and made his demand for the car.

The court made findings of fact, favorable to plaintiff, and, in accordance therewith, rendered judgment for plaintiff. Defendants appealed and assign several specifications of error. In our discussion of the case, we shall refer to them and counsel's contentions based thereon as may be appropriate.

Being a replevin action, it devolved upon plaintiff to show [1] that he was entitled to the immediate possession of the car at the time of the commencement of his action. That is the test; was he entitled thereto at the time? (*Cameron v. Wentworth*, 23 Mont. 70, 57 Pac. 648; 34 Cyc. 1387 and long list of cases cited.)

Based upon an assignment of error, counsel for defendants contend that George was entitled to possession of the car "until proper forfeiture." In their brief they say: "No forfeiture is plead and no forfeiture is claimed in the testimony."

As George is not a party to this action, it was not necessary [2] to plead his conditional sale contract and forfeiture. To have done so would have been pleading evidence. As to the evidence, plaintiff, when testifying, certainly did testify to facts which constitute a forfeiture. George, not being a party herein, is not complaining about anything; he is not claiming possession. He knew of the action. He testified at the trial, as a witness for defendants, but made no claim of right of possession for himself. If counsel mean that plaintiff should have informed George he was in default, the answer is he must have known it; as a witness, he did not deny it. If counsel imply that plaintiff should have made a demand on George for the car, before instituting this action, the answer is it would have been futile. Under the wording of the conditional sale contract in question, if George had been in possession of the car and in default, without deciding, we say we doubt if a demand on him for possession would have been necessary. Some authorities hold a demand, upon default, is necessary; others hold not. However, as George was not in possession

and was powerless to restore the car to plaintiff, a demand on him would have been useless and the law does not require a useless act. Hence, clearly, demand on George for the car was not necessary. Plaintiff was proceeding to enforce his right of possession on account of George's undisputed default from failure to make his payments and failure to pay taxes on the car, when he instituted this action. He had made a demand on defendants, the parties in possession and the only parties who had the power to restore the car to plaintiff, but without avail. To enforce his rights, there was nothing for plaintiff to do but to institute this action and he did so. We hold there is no merit in the contention of counsel.

Based upon another assignment of error, counsel for [3] defendants contend replevin cannot be maintained to recover possession of property taken for a tax pursuant to statute, and, in that connection, counsel complain of the allegations in the complaint that the automobile was not taken for any tax pursuant to statute.

Section 9220, Revised Codes, 1921, says: "The plaintiff, in an action to recover possession of personal property, may, at the time of issuing summons or at any time before answer, claim the delivery of such property to him, as provided in this chapter." (Chap. 19, Code Civ. Proc.) The next following section, 9221, says: "When a delivery is claimed, an affidavit must be made by the plaintiff or some one in his behalf, stating [among other things]: 3. That the same [the property] has not been taken for a tax, assessment or fine, pursuant to statute; or seized under an execution or an attachment against the property of plaintiff; or, if so seized, that it is by statute exempt from seizure."

Such an affidavit is not an essential to bringing an action for recovery of personal property. Without such an affidavit, by bringing the action and, in the complaint, making the necessary allegations of right of possession, wrongful taking or detention or both and the like, plaintiff may have tried, at the trial, the right of possession and, if he prevail, may have

judgment for recovery of possession. The making of the affidavit, if made a part of the complaint or otherwise, is merely for the purpose of obtaining immediate possession of the property and holding it until the termination of the litigation, which plaintiff may forego, if he may choose. It is analogous to an affidavit for attachment, in an action *ex contractu,* to which a plaintiff may resort or not, as he may choose. Hence, the allegation of the complaint in this case that the car had not been taken for any tax, assessment or fine and so forth, so far as was concerned the ultimate disposition of the case, was surplusage and need not have been made and at the trial did not need to be proven by plaintiff, as a part of his case. It only served to assure plaintiff of ultimate possession of the car, instead of payment to him of its value, if judgment should be rendered ultimately in his favor, as it was.

While it is the general rule, with some exceptions, that [4] replevin will not lie to recover possession of personal property seized for a tax (4 Cooley on Taxation, 4th ed., 3236; 34 Cyc. 1381), yet the rule applies only to replevin actions against officers of the law, as defendants; those who seized the property, tax collectors, while the property is in their custody; that is, when an officer has seized property for a tax and while it is in his possession, ordinarily and unless the tax be absolutely void, the owner may not replevy it from the officer. (4 Cooley on Taxation, supra.) The reason is that the property then is *in custodia legis,* as if taken upon execution. The rule is for the protection of the officer. (34 Cyc., supra.)

However, when the officer has sold the property and the purchaser has taken it over and it is no longer in possession of the officer, no longer *in custodia legis,* if the party from whom it was taken, he who claims to be the owner, may consider the seizure or any of the subsequent proceedings unlawful or void, he may bring and, if in the right, may maintain a replevin action against the purchaser. The officer having done with the property, the rule against replevin no longer holds, because the property is no longer in the custody of the law.

(34 Cyc. 1384.) The same rule applies to property taken by attachment or under execution, which, in a replevin action, is likewise required to be negatived if the owner would, by affidavit (sec. 9221, supra), retake his property, pending litigation. Generally, he may not, by replevin, take it from the officer, while the officer has it, but he may institute replevin against the purchaser, if the attachment or levy or the sale, for irregularity, be void. (4 Cooley on Taxation, 4th ed., 3238; 34 Cyc., supra; *Crowell* v. *Barham,* 57 Ark. 195, 21 S. W. 33; *Brocking* v. *O'Bryan,* 129 Ky. 543, 112 S. W. 631; *Wisconsin Oak Lumber Co.* v. *Laursen,* 126 Wis. 484, 105 N. W. 906.) Therefore, while, ordinarily, the plaintiff in this case could not have maintained replevin against the sheriff, while the car, by seizure, was in the latter's possession, plaintiff is not forbidden to maintain the action against the purchaser of the car.

There is another reason for this operation of the rule, if there be a fatal irregularity, and it is that, when there is a fatal irregularity in the conduct of the sale of the seized property, the officer who seized and sells it thereby becomes a trespasser *ab initio* and, on that account, the owner may replevy from the purchaser. (3 Cooley on Taxation, 4th ed., 2663; 4 Id. 3265; 34 Cyc., supra; *Blake* v. *Johnson,* 1 N. H. 91; *Brackett* v. *Vining,* 49 Me. 356; *Farnsworth Co.* v. *Rand,* 65 Me. 19.)

Having said this much about the application of the rule against replevying from an officer who seized for a tax, which counsel for defendants invoke, let us see to the facts in the case before us. We may concede that the car in question was assessable and taxable in Toole County; that the assessment was legally made and was properly spread on the assessment-roll; that notice of assessment was sufficient; that the sheriff, as a deputy county treasurer, legally seized and took possession of the car; and that all proceedings up to and including the seizure were regular and lawful.

We are now brought up to the next succeeding steps, i. e.,
[5]   the giving of notice and sale of the car. Conceding that
everything before was lawful, if those steps were regular and
lawful, Defendant Putnam obtained title to and right of pos-
session of the car and conveyed to his co-defendant a half
interest therein; otherwise Defendant Putnam obtained noth-
ing and conveyed nothing. Let us see as to those steps.

"All proceedings in the nature of assessing property for
purposes of taxation and in levying and collecting taxes thereon
are *in invitum* and must be *stricti juris."* (*Weyse* v. *Craw-
ford,* 85 Cal. 196, 24 Pac. 735.) "Tax sales of personal prop-
erty must be conducted in compliance with the statute or they
will be void. Every substantial requirement of the statute
must be complied with and no presumption can be raised to
supply defects in the proceedings for the sale. Statutes re-
garding notice and limiting the time within which a sale of
distrained property shall be made are imperative and the offi-
cer becomes a trespasser *ab initio* if he proceeds to a sale
without them." (3 Cooley on Taxation, 4th ed., 2662.)
"Whatever notice the statute requires as preliminary to a sale
of chattels for taxes must be given, in at least substantial com-
pliance with the law's directions; without this the sale is void."
(37 Cyc. 1239.) Thus says the law. What are our statutory
provisions for notice of sale and for sale in such a case as
this?

Section 2242, Revised Codes, 1921, said: "The sale must be
[6]   made after one week's notice of the time and place
thereof, given by publication in a newspaper in the county or
by posting in three public places." However, in 1923, the
legislature enacted Chapter 102, Session Laws of Eighteenth
Assembly, by which section 2239, Revised Codes, 1921, was
amended, and, as so amended, it recites that the county treas-
urer must "levy upon and take into his possession such per-
sonal property against which a tax is assessed and proceed
to sell the same in the same manner as property is sold on
execution by the sheriff and the county treasurer may, for

the purpose of making such levy and sale, designate and appoint the sheriff as his deputy." The same Act says "all Acts and parts of Acts in conflict herewith are hereby repealed."

We hold that section 2242, supra, was in conflict with Chapter 102, supra, and that the former was repealed by the latter. Hence, Chapter 102, supra, was in force at the time to which this case relates and controlled. Therefore, it was the duty of the county treasurer to sell the car in the same manner as property is sold on execution by the sheriff. The treasurer, in person, might do it or the person who was sheriff, if appointed a deputy, might do it as a deputy county treasurer; but it had to be a treasurer's sale, conducted by the treasurer or such deputy treasurer and not a sheriff's sale. It was required not to be a sheriff's sale but only to be conducted by the treasurer or his deputy in the same manner as a sheriff's sale of personalty, under execution. Giving of notice is an essential part of the sale, a part of the manner of sale. Section 9432, Revised Codes, 1921, says, before the sale of property on execution, notice of sale of personal property, not perishable, must be given by posting in three public places in the township or city where the sale is to take place, for not less than five nor more than ten days, written notice of the time and place of the sale. Thus, the six-day notice given in this case was sufficient as to time.

What manner of notice was given and by whom? There [7] was posted in four public places this notice:

"In the District Court of the Nineteenth Judicial District of the State of Montana, in and for the County of Toole.

"County of Toole, Plaintiff,

       vs.

George Georges, Defendant.

    "Execution Sale of Personal Property for Taxes.

"To be sold at sheriff's sale on the 10th day of September, A. D., 1925, at 2 o'clock, p. m., at the Eckel Motor Garage,

in the City of Shelby, in said County of Toole, the following property:

"One Cadillac Car, Montana License, 68381.

"Dated this 4th day of September, A. D. 1925.

"T. H. DALEY, sheriff.

"W. B. MARTIN, under sheriff.

"W. H. SCHOREGGE, county treasurer."

Is that notice of a county treasurer's sale of personal property, seized for taxes? We say not. Who gave the notice? Was it given by the county treasurer or a deputy county treasurer? We say not. It is a notice given by the sheriff; not, however, by that official in person but through and by his under sheriff. It is notice of a sheriff's sale; again, of an execution sale. It purports to be given as the result of an execution, issued out of the district court, in an action entitled "County of Toole, plaintiff, vs. George Georges, defendant." It is not given by or in the name of the county treasurer; not given by him or a deputy treasurer. The fact that the county treasurer's name and official title are placed at the bottom, in the left-hand corner (by whom put there is not shown), does not make it his notice; does not make it notice of a treasurer's sale. The county treasurer may not give notice of a sheriff's sale on execution. The notice is muddled and misleading. We hold that the notice required to be given in such a case is notice of a county treasurer's sale of personal property seized for taxes. It should be so entitled and should so recite. In this instance, it should have been given and signed by W. H. Schoregge, county treasurer, by T. H. Daley, deputy county treasurer. The sheriff, as such, had nothing to do with it nor did his under sheriff. It was not to be a sheriff's sale and it was not to be an execution sale. It was required to be a county treasurer's sale and was only required to be conducted in the same manner as a sheriff's sale on execution. The notice might as well have been given and signed by the coroner, public administrator, county surveyor or janitor of the courthouse as by the sheriff.

We hold the notice did not comply with the statute. Therefore, it was void and, in law, no notice at all. No legal notice having been given, the sale was void. True, section 2036, Revised Codes, 1921, says: ''No assessment or act relating to assessment or collection of taxes is illegal on account of informality.'' However, this departure from legal requirement is not an informality. It is a matter of substance and is vital. True, likewise, section 9433, Revised Codes, 1921, treating of sheriffs' sales under execution, says an officer selling without the notice prescribed by statute forfeits to the aggrieved party $500 and actual damages and *Burton* v. *Kipp*, 30 Mont. 275, 76 Pac. 563, holds that failure to give notice in such a case does not invalidate the sale and that forfeiture of $500 and payment of damages constitute the only penalty; but that re· lates to a sheriff's sale and one under execution. This is neither a sheriff's sale nor one under execution. It is a treasurer's sale for taxes and a different rule applies; the rule that in tax sales the statutes must be strictly followed or the sale will be void. What result have we here?

One of the defendants bought the car at a sale not noticed as required by statute. How did it affect the purchaser? The [8] assessment and sale of property for delinquent taxes is a proceeding *in invitum;* the purchaser at such a sale buys at his peril and the rule of *caveat emptor* applies. (*Birney* v. *Warren*, 28 Mont. 64, 72 Pac. 293.) The sale in this case was void, for want of compliance with statutory requirement. ''The purchaser at such sale acquires no lien entitling him to possession.'' (3 Cooley on Taxation, 4th ed., 2664.) The purchasing defendant acquired no title to the car in question; neither, of course, could his co-defendant, who later purchased of him a supposed interest in the car.

Where, then, was the right of possession after the tenth day [9] of September, 1925, after the void sale of the car and at the time of the commencement of this action, January 16, 1926? Who had it? George did not have it. He had defaulted and had forfeited his right of possession and he is not

claiming it. Defendants did not have it, because they acquired no title or lien and without title or lien they had and have no right of possession. The one who bought at the official sale bought at a void sale, at his peril, and acquired nothing. Neither the sheriff nor the county treasurer has the right of possession. They abandoned it; neither is claiming it. They have washed their hands of responsibility for the car. They have abandoned it as effectually as if they had taken the car to a vacant lot or dump pile and there left it. They threw it up; turned it over to one who had no right to it and told him to take it.

We hold that just preceding the seizure of the car plaintiff was entitled to the possession of it. By the undisputed evidence, George was in default and, under his contract, was, constructively, in unlawful possession and plaintiff had a right to take it wherever it might be; he had the *right* of possession; not possession, but right of possession; the right to get possession. Grant, as counsel for defendants contend, that when the sheriff seized the car he was entitled to the possession; yet, when that official threw it up, abandoned the car, turned it over to one not entitled to it and withdrew, no longer claimed possession, he surrendered his right of possession and no longer had it. Toole County did not have it and does not claim it, because it had received the tax and is satisfied; makes no claim.

Then, to whom did the right of possession revert? It was [10] not in the air. It had not dissipated. It had not been exterminated. It existed. Somebody had it. We say it reverted to plaintiff. Had the sheriff, in a few days after the seizure, released his seizure, left the car where it was, and no longer laid claim to it, is there any doubt that, by proper procedure, plaintiff would have been entitled to pay the storage bill and take the car? We say no. Likewise, we say after September 10, 1925, and when this action was begun he was entitled to possession. Moreover, according to authority we have cited and quoted, when the sheriff sold at a void sale,

because of fatal irregularity, it made him a trespasser *ab initio* and, therefore, plaintiff having had the right of possession at and prior to the time of seizure, he did not lose it, even temporarily, to a trespasser.

Counsel for defendants say plaintiff should offer to pay defendants what they are out of purse, before asserting right of possession. There is some evidence tending to show that an offer of $125 was made and was not accepted. However that be, if this were a suit in equity, to set aside and cancel a tax deed constituting a cloud upon title to realty, as he who seeks equity must offer to do equity, it would be incumbent upon plaintiff to offer to repay defendants their expenditure, with legal interest, or that the decree require him to do it as a condition of obtaining relief (*Larson* v. *Peppard*, 38 Mont. 128, 129 Am. St. Rep. 630, 16 Ann. Cas. 800, 99 Pac. 136); but this is not an equity case and that doctrine may not be invoked here. One of the defendants bought at his peril and he and his co-defendant must suffer the consequences.

By this opinion, we do not wish to discourage tax-collecting officials from being vigilant in discharge of their duties and from beng alert to collect lawful taxes on all personal property, especially that of a transitory or perambulatory nature, coming and going, unaccompanied by the owner's ownership of realty; vigilance therein is to be encouraged but we do not wish to encourage it by misconstruing or wrongly declaring the law. Such officials are to be commended for vigilance but they should be careful to see that all steps taken by them, in pursuance of their duties, are in accordance with the plain requirements of the statutes, which are not difficult of ascertainment.

We hold there is no merit in any of the specifications of error. We believe the right result was reached by the trial court and, without error. Therefore, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.