[Civil No. 353.   Filed January 17, 1894.]

[37 Pac. 370.]

## THE DELINQUENT TAX-LIST OF THE COUNTY OF PIMA FOR THE YEAR 1891, Defendant and Appellant, v. THE TERRITORY OF ARIZONA, Plaintiff and Appellee. Appeal of MAISH and DRISCOLL, Objectors.

1. TAXES AND TAXATION — ASSESSMENT — DELINQUENT LIST — IRREGULARITIES—REV. STATS. ARIZ. 1887, PAR. 2688, CITED—ATLANTIC AND PACIFIC R. R. CO. v. YAVAPAI CO., 3 ARIZ. 117, 21 PAC. 768, FOLLOWED.—Objections to the manner of assessing taxes, preparing and returning the delinquent list, and similar questions are mere irregularities, and are covered by statute, *supra*. *Atlantic and Pacific R. R. Co.* v. *Yavapai Co., supra,* followed.

2. SAME—LEVY — UNCONFIRMED MEXICAN LAND GRANTS — VALIDITY—WHO MAY QUESTION—TENDER OF TAXES DUE.—The objectors will not be heard to complain of the taxation of property consisting of "unconfirmed Mexican land grants," having neither paid nor tendered the taxes admittedly due for the same year on other property owned by them.

3. SAME—UNCONFIRMED MEXICAN LAND GRANTS — LEVY — POSSESSORY RIGHT—REV. STATS. ARIZ. 1887, PAR. 2631, CITED.—The possessory right or claim of one in an unconfirmed Mexican land grant may be taxed, though the land belong to the public domain. Statute, *supra,* cited.

4. SAME—SAME—SAME—ASSESSMENT — INTERPRETATION — POSSESSORY CLAIM OR FEE.—If "grants" are a portion of the public domain until segregated and confirmed, an assessment of taxes to individ-

uals, as follows: "Land and improvements. San Ignacio La Canoa, private land claim," may be construed as an assessment upon the equitable claim or "possessory claim" thereto, and not as an assessment upon the fee or land itself.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

C. W. Wright, for Appellants.

Frank H. Hereford, and W. H. Lovell, for Appellee.

BAKER, C. J.—The appeal is taken from a judgment for delinquent taxes for the years 1889 and 1891. The objectors, Maish and Driscoll, urge a number of reasons why the taxes are invalid. They relate mostly to the manner of assessing the taxes, preparing and returning the delinquent list, and similar questions; all of which we deem mere irregularities, and covered by paragraph 2688 of the Revised Statutes, which was in force at the time of judgment. As to all of these objections we are content with the reasons given in the case of *Atlantic and Pacific R. R. Co.* v. *Yavapai County,* 3 Ariz. 117, 21 Pac. 768, and therefore overrule them. There is one objection, however, which goes to the validity of the tax levy, and this we will notice. Some of the property listed to the objectors consists of "unconfirmed Mexican land grants," and as to these it is contended that the tax levy is void, because such "grants" belong to the public domain until confirmed by proper authority, and are not subject to local taxation. If we concede this, we still ought to decide adversely to the appeal. There was other property, real and personal, listed to the appellants that year, the taxes upon which were certainly valid. The appellants neither paid such taxes nor offered to pay them. It is certainly not just and equitable that a taxpayer be suffered to retain taxes which he ought to pay, and at the same time be heard to complain of taxes which he claims he ought not to pay. He must first pay or offer to pay the taxes which are justly due the government. This the appellants did not do. *Railroad Co.* v. *Patterson,* 10 Mont. 90, 24 Pac. 704. Besides, we are inclined to view the levy in this

case as being upon the equitable claim or possessory right of the objectors in the "grants," and not upon the fee. If this is all that is taxed,—"the possessory right or claim,"—the tax is valid, though the land belong to the public domain. Rev. Stats., par. 2631; *Colorado County* v. *Commissioners,* 95 U. S. 265; *People* v. *Donnelly,* 58 Cal. 144. It is a part of appellants' argument that the "grants" are a portion of the public domain until segregated and confirmed by proper authority, which has not been done. If this be so, an assessment of taxes to individuals, as follows: "Land and improvements. San Ignacio La Canoa, private land claim,"—may be construed as an assessment upon the equitable claim or "possessory claim" thereto, and not as an assessment upon the fee or land itself. *Hale & Norcross M. Co.* v. *Storey County,* 1 Nev. 106. Judgment affirmed.

Hawkins, J., concurs.

ROUSE, J., dissenting.—I cannot concur in the opinion in this case. An "unconfirmed Mexican land grant" was listed as the property of Maish and Driscoll, and assessed. They failed to pay their taxes, and judgment therefor was rendered against them in the district court, and from that judgment they appealed. By the opinion it is declared that, inasmuch as Maish and Driscoll had not paid the taxes on the property which they owned, and which was properly assessed, even though the said unconfirmed Mexican land grant was not subject to taxes, the judgment should be affirmed. The case of *Railway Co.* v. *Patterson,* 10 Mont. 90, 24 Pac. 704, is cited as an authority in support thereof. The case cited was an application for an injunction. It was shown by the bill that the petitioner owed a part of the taxes; and further, that he had not applied to the proper tribunal to have the errors corrected; hence the bill was dismissed. The case at bar is quite different from that case. This judgment should be reduced by the amount of the taxes assessed on the said grant, provided said grant be not subject or liable for taxes. I cannot understand by reason or authority how a judgment for taxes for a certain amount must be upheld in the full amount because the party against whom the judgment was rendered has failed to pay the amount which he justly owes. I contend

that the said unconfirmed Mexican land grant is the property of the United States, and that the tax thereon is void. *Colorado County* v. *Commissioners,* 95 U. S. 265; *Railway Co.* v. *Prescott,* 16 Wall. 603; *Railway Co.* v. *McShane,* 22 Wall. 444. The right of Maish and Driscoll to the so-called "grant" or "claim" has not been recognized by the government in any way. It has not been surveyed. It has not been segregated from the other public lands. No possession or right of possession thereto is in Maish and Driscoll. They have no right or claim thereto that can be enforced in the courts. *Astiazaran* v. *Mining Co.,* 3 Ariz. 20, 20 Pac. 189. Certainly Maish and Driscoll have not a right in said land that can be taxed. Having no title and no possession, I do not understand what they have in connection with the so-called "grant," separate and distinct from the land, that can be taxed. The judgment should be reduced by the amount of the taxes levied on the said grant.