[Civ. No. 2935.   First Appellate District, Division One.—September 5, 1919.]

CITY OF OAKLAND (a Municipal Corporation), Appellant, v. ALBERS BROS. MILLING CO. (a Corporation), Respondent.

[1]   TAXATION—LEASE OF LANDS FROM CITY—CONSTRUCTION OF IMPROVEMENTS—OWNERSHIP—EXEMPTION FROM TAXATION.—Improvements constructed in accordance with the terms of a lease with a municipal corporation upon lands granted by the state to such municipality in trust for certain purposes under the provisions of an act of the legislature approved May 1, 1911 (Stats. 1911, p. 1258), are not subject to taxation where it is expressly provided in the lease that such improvements when so constructed shall become and remain the property of the municipality.

APPEAL from a judgment of the Superior Court of Alameda County. Edgar T. Zook, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Ezra W. Decoto, District Attorney, James M. Koford, Assistant District Attorney, H. L. Hagan, City Attorney, and John J. Earle, Assistant City Attorney, for Appellant.

Sullivan & Sullivan and Theo. J. Roche and Louis V. Crowley for Respondent.

Fitzgerald, Abbott & Beardsley, *Amici Curiae.*

RICHARDS, J.—[1] This action was instituted by the city of Oakland to collect from the defendant certain taxes alleged to be due said city. The cause was submitted to the trial court for decision upon an agreed statement of facts which may be summarized as follows: On February 16, 1916, the plaintiff and the defendant entered into a certain written lease of certain lands upon the western waterfront of the said city of Oakland, the same being a portion of the public lands granted by the state to the city of Oakland in trust for certain purposes under the provisions of an act of the legislature approved May 1, 1911 (Stats. 1911, p. 1258). By the terms of said lease the lessee was to construct certain substantial buildings and improvements consisting of a dock and warehouse, which were to be used by it during its tenancy of the premises, for which the lessee was to be repaid by a system of warehouse and dockage charges as specified in said lease, it being expressly provided therein that ''The said dock and warehouse when so constructed shall become and remain the property of the lessor.'' It was upon these specific improvements that the tax officials of the city of Oakland undertook during the fiscal year 1917–18 to levy and collect the taxes which are the subject of this suit, and the sole question presented to the trial court, and to this court upon appeal, is as to whether the said improvements upon the said public property of the plaintiff is subject to taxation. The trial court held that it was not, and rendered its judgment

accordingly in the defendant's favor. From such judgment the plaintiff prosecutes this appeal.

The case upon which the appellant chiefly relies to sustain its contention upon this appeal is the case of *San Francisco* v. *McGinn,* 67 Cal. 110, [7 Pac. 187]. A careful examination of that case convinces us that it has no application to the case at bar, the essential difference between the two cases being that in the former case the court based its ruling that the defendant therein, who had placed the improvements in question upon the lands of the city of San Francisco, was to be held to be their owner for the purposes of taxation; while in the case at bar the improvements in question are expressly made the property of the city of Oakland, and hence the defendant herein could not have for any purpose any ownership in them. Under the express provisions of section 1 of article XIII of the state constitution, and also of section 3607 of the Political Code, the property of a municipal corporation in this state is not the subject of taxation. In the presence of these constitutional and statutory provisions it is needless to cite the earlier cases showing that this is and has long been the settled law of this state; but in the recent case of *San Pedro etc. R. R. Co.* v. *City of Los Angeles,* 180 Cal. 18, [179 Pac. 393], the supreme court declared void an attempted assessment of a breakwater built by a lessee of submerged public lands, as "improvements," holding that while, as conceded by the parties in that case, the breakwater was not an "improvement" within the meaning of section 3617 of the Political Code, even if it were so considered to be, it would be such an improvement as would become fixed to the realty itself, "the fee of which was in the state, and hence not subject to assessment."

Judgment affirmed.

Waste, P. J., and Bardin, J., *pro tem.,* concurred.