[Civil No. 4267.  Filed June 16, 1941.]

[114 Pac. (2d) 245.]

MARICOPA COUNTY, ARIZONA, GEORGE FRYE, JOHN A. FOOTE and CHARLES FIELDS, Individually and as Members of and Constituting the Board of Supervisors of Maricopa County, Arizona, and the Board of Equalization Thereof, and JIM BRUSH, Individually and as Assessor of Maricopa County, Arizona, Appellants, v. FOX RIVERSIDE THEATRE CORPORATION, a Delaware Corporation, Appellee.

Mr. Richard F. Harless, County Attorney, and Mr. Leslie C. Hardy, Deputy County Attorney, for Appellants.

Messrs. Fennemore, Craig, Allen & Bledsoe, for Appellee.

LOCKWOOD, C. J.—This is an action by Fox Riverside Theatre Corporation, plaintiff, against Maricopa County, the members of its board of supervisors, and its county assessor, defendants, to enjoin them from assessing a certain leasehold interest which plaintiff owns in a portion of block 23 in the city of Phoenix.

The material facts necessary to a consideration of this appeal are not in dispute, and may be stated as follows: On July 19, 1929, the city of Phoenix, a municipal corporation, was the owner in fee simple of the premises involved herein. On that date it entered into a written lease with Fox West Coast Theatres, a California corporation, covering the premises. The term of the lease was fifty years, and as part of the consideration the corporation agreed to, and did, construct upon the premises a building costing not less than $300,000, which was adapted to, and ever since has been used for, amusement, mercantile, commercial and office purposes. On February 25, 1933, the corporation assigned the lease to plaintiff. The validity of the lease was questioned by an action under the declaratory judgment act, and the court held it to be valid. *Woodward* v. *Fox West Coast Theaters,* 36 Ariz. 251, 284 Pac. 350.

Up to the year 1940 no state nor county taxes had been assessed against the leasehold interest of plain-

tiff or its predecessor in interest, but for some reason plaintiff anticipated that the taxing authority of the county intended to assess it for the year 1940, and on January 24, 1940, and before any assessment had been levied or extended upon the tax roll, this complaint was filed. After various proceedings a permanent injunction was granted, in accordance with the prayer of plaintiff, and this appeal was taken.

There are three questions involved in the appeal (a) may a leasehold interest in real estate owned in fee simple by a municipality, held by a private corporation which is using the interest for commercial purposes, be assessed and taxed separately from the fee without violating the constitution of Arizona; (b) if it may be so assessed and taxed, has our legislature set up machinery for the exercise of such power; and (c) may these questions be tested by the owner of the leasehold in a suit for injunctive relief.

Article 9, section 2, of our constitution, which it is contended prohibits the taxing of a leasehold, reads, in part, as follows:

"(Tax exemption.)—That there shall be exempt from taxation all federal, state, county and municipal property. . . . All property in the state not exempt under the laws of the United States or under this constitution, or exempt by law under the provisions of this section shall be subject to taxation to be ascertained as provided by law. . . . "

It is urged by plaintiff that under this provision, since the fee of the property in question rests in the city of Phoenix, a municipal corporation, no interest arising out of such fee, such as the estate for years which is in question here, is subject to taxation.

The constitution of the state of Washington, article 7, section 2, read as follows:

"Taxation—Uniformity And Equality—Exemption. The legislature shall provide by law a uniform and

equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe such regulation by general law as shall secure a just valuation for taxation of all property, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property: Provided, that a deduction of debts from credits may be authorized: Provided, further, that the property of the United States, and of the state, counties, school districts, and other municipal corporations, and such other property as the legislature may by general laws provide, shall be exempt from taxation.''

It will be seen that its legal effect, so far as the requirement of taxation of all property not exempt and the exemption of the property of municipal corporations is concerned, is identical with that of Arizona. The legislature of that state adopted a statute expressly providing for the taxation of a leasehold interest in certain property owned by the state. In the case of *Trimble* v. *City of Seattle,* 64 Wash. 102, 116 Pac. 647, 649, the question arose as to whether this interest could be taxed under the constitution. The supreme court of Washington therein affirmed its previous decision in *Moeller* v. *Gormley,* 44 Wash. 465, 87 Pac. 507, that such a leasehold interest was taxable, quoting therefrom the following language:

'' . . . 'But we think it cannot, under the general scheme and purpose of taxation, successfully bear the test of practical application. Doubtless a prospective lessee would bid more for a lease if he knew that his leasehold interest would not be taxed. But the same may be said of a prospective purchaser of state lands. He would pay more for the fee if he knew it would remain exempt from taxation. The difference between the two is in degree only, and not in character. But it is the policy of our commonwealth that the fee in any real estate sold by the state shall thenceforth be assessable. As soon as title passes from the state, the land becomes private, and no longer public, property. When a lease is given by the state to an individual or

private corporation, the lessee thereby obtains for his or its private use certain rights and privileges in, to, and upon, such real estate. These rights and privileges constitute private property over which the lessee has, and may exercise, absolute dominion and ownership within the limitations of his or its lease. Why, as such property, it should not be subject to the general rule of taxation, we conceive of no reason'.'',

and holding the tax to be constitutional. The case was taken to the supreme court of the United States, and in *Trimble* v. *City of Seattle,* 231 U. S. 683, 34 Sup. Ct. 218, 219, 58 L. Ed. 435, the court affirmed the decision of the supreme court of Washington, saying:

'' . . . In ordinary cases the whole property is taxed, and which party shall bear the burden is not a matter of public concern. But when the state makes the lease, the supposed obligation would be an obligation not to tax,—a restriction of public import not lightly to be imposed. [Citing cases.] It is urged that to deny the state's obligation discriminates unconstitutionally against this class of lessees, since all others are free from the burden. But that is not true. Whether landlord or tenant shall pay a tax is a matter of private arrangement, and the practice one way or the other has no bearing on the matter. The argument from inequality really works the other way. If these leaseholds are not taxable, they are a favored class of property; for ordinarily leaseholds are taxed even if they are lumped and included in the value of the fee. When an interest in land, whether freehold or for years, is severed from the public domain and put into private hands, the natural implication is that it goes there with the ordinary incidents of private property, and therefor is subject to being taxed. [Citing case.]''

The same question arose in *City of Chicago* v. *University of Chicago,* 302 Ill. 455, 134 N. E. 723, 23 A. L. R. 244, and was decided the same way. The note in 23 A. L. R. cites many authorities to the same effect.

We answer question (a) that the state has the power under our constitution to provide for the assessment

and taxation of leasehold interests in municipal property which have been granted to private individuals or corporations.

■ The second question is whether that power has been exercised, for there are many classes of taxation which the state may provide for but does not. Do our statutes show that the state has attempted to subject leasehold interests in public property to taxation? After a careful examination of these statutes from early territorial days to the present time, we can find therein no specific reference to the taxation of leasehold interests of this nature, nor, so far as we have been able to ascertain, have the taxing authorities ever attempted to exercise this power. Further, even if we should hold that by implication, as suggested by defendants, the legislature meant to include property of this nature as real estate under the following language of section 73–202, Arizona Code 1939:

"Real estate and personal property defined—Each item liable—Land liable for improvements.—In this chapter, the term 'real estate' shall mean and include the ownership of, or claim to, or possession of, or right of possession to, any land or patented mine. . . . ",

a careful study of the provisions of our statutes in regard to the method of assessing real estate and collecting the taxes thereon shows that they are not adapted to, nor, indeed, workable when it concerns property of the nature of a leasehold interest, such as the one involved herein is.

Counsel for defendants cite us to several Arizona cases where interests in real estate less than the fee have been held subject to taxation, such as *State* v. *Watts,* 21 Ariz. 93, 185 Pac. 934; *Watts* v. *State ex rel. Burgoon,* 254 U. S. 648, 41 Sup. Ct. 62, 65 L. Ed. 456; *In re Delinquent Tax List of Pima County* v. *Territory,* 4 Ariz. 186, 37 Pac. 370, 39 Pac. 328; *Maish* v. *Arizona,*

164 U. S. 599, 17 Sup. Ct. 193, 41 L. Ed. 567; *Earhart* v. *Powers,* 17 Ariz. 55, 148 Pac. 286.

In the first two cases it was held that the equitable title had actually passed to the private owners when the taxes were levied, while in the third case the possessory interest was expressly classified as personal property for the purpose of taxation. Paragraphs 4847–4893, Civil Code 1913. But nowhere do we find any reference in the statutes to taxation of leaseholds, nor any effort of the taxing bodies of the state to tax them, nor any decision of the courts of this state that they are subject to taxation.

We have discussed the question of the effect of the construction of taxing laws by the taxing bodies of the state and their failure to assess certain property in the case of *Maricopa County, etc.,* v. *Trustees of Arizona Lodge,* 52 Ariz. 329, 80 Pac. (2d) 955, 959. Sec. 73–202, *supra,* had the following provision: " 'Personal property' shall mean and include property of every kind, both tangible and intangible, not included in the term real estate," and it was urged that thereunder mortgages, both real and chattel, were subject to taxation. The court said:

"For over twenty-six years, although the personnel of this commission has changed from time to time, no effort has been made to tax intangible property. County assessors and boards of supervisors of the different counties have pursued the same course with reference to such property as they did prior to statehood. The county and state legal departments and the executive departments have by their silence acquiesced in such construction of the statute. Citizens of the state, relying upon the action or nonaction of taxing authorities, have made investments in mortgages and notes and bonds and other intangibles upon the assumption and under the belief that they were not taxable. It is a matter of general knowledge, and of which we think we can take judicial notice, that many of these securities and instruments at the pres-

ent time bear a rate of interest less than the taxes they will have to pay if defendants' contention is sustained. If the defendants' contention is sustained the result can readily be seen. Those persons domiciled in Arizona who have made investments will, as soon as possible, convert them into cash and seek investments elsewhere, and no other persons with money will take their places. The state and its different political subdivisions would lose taxes in the long run instead of increasing their revenues.

. . . . . . . . . . . . .
"The different legislatures that have met since 1887 have passed amendments to the taxing statutes; have authorized and approved several revisions of such laws, knowing all the while the authorities were not assessing and taxing intangibles, and have left the statutes unchanged. . . . Thus for fifty years, under a construction of the executive and legislative departments, we have had no law to tax intangibles, although it is contended by defendants we have had, and now have, such a law. While there may be some doubt as to the correctness of the construction placed upon the law by those whose duty it has been to execute it, we think, because it has been recognized for so many years as settled law, it is better that the legislature change it than that we disturb vested rights by sustaining defendants' position, especially in view of the analyses of the law we have heretofore given. . . . "

We think this language clearly applicable to the situation in regard to the taxing of leaseholds, and we hold, therefore, that since the legislature has not expressly provided that leaseholds of this nature should be taxed, and has set up no machinery by which such a taxation could be carried into effect, question (b) should be answered in the negative.

The third question is whether the present procedure may be used in order to provide the assessment of plaintiff's property. Defendants take the position that sections 73–110, 73–419, and 73–841, Arizona Code 1939, provide the only remedies which may be invoked

by a taxpayer in a case of this kind. We think the present form of procedure is sustained by *Oglesby* v. *Chandler*, 37 Ariz. 1, 288 Pac. 1034, and *State* v. *Cull*, 32 Ariz. 532, 260 Pac. 1023.

Since this procedure was permissible to test whether the leasehold in question was subject to taxation under the laws of the state, and since, while it was within the power of the legislature to tax it, that body has not declared it subject to taxation nor provided any machinery for levying or collecting a tax thereon, the trial court correctly granted the injunction. If the legislature desires to change the present law, it has ample power to do so.

Judgment affirmed.

McALISTER and ROSS, JJ., concur.