[Civil No. 4520.   Filed March 29, 1943.]

[135 Pac. (2d) 513.]

MARICOPA COUNTY, ARIZONA, Appellant, v. FOX RIVERSIDE THEATRE CORPORATION, a Corporation, and CITY OF PHOENIX, a Municipal Corporation, Appellees.

Mr. Richard F. Harless, County Attorney, Mr. Leslie C. Hardy, Deputy County Attorney, and Mr. E. G. Frazier, Deputy County Attorney, for Appellant.

Messrs. Fennemore, Craig, Allen & Bledsoe, for Appellee Fox Riverside Theatre Corporation.

Mr. Hess Seaman, City Attorney and Mr. William C. Fields, Assistant City Attorney, for Appellee City of Phoenix.

STANFORD, J.—This is an action brought by Maricopa County, a political subdivision of the State of Arizona, to determine whether the ownership of the building and improvements on lands leased from the City of Phoenix by the assignor of the defendant Fox Riverside Theatre Corporation is in the City of Phoenix, and consequently exempt from taxation by the state and county because of our constitutional provision exempting municipal property, or is in the Fox Riverside Theatre Corporation, and consequently subject to be taxed.

The defendant City of Phoenix, is a municipal corporation of the State of Arizona, having a charter adopted pursuant to Article XIII of the constitution of our state.

On the 19th day of July, 1929, the City of Phoenix leased to the assignor of the defendant Fox Riverside Theatre Corporation the northwest corner of Block twenty-three, being 150 feet on Washington Street by 200 feet on First Street, for a period of fifty years, at the monthly rental of $1,166.66, commencing on the 19th day of July, 1929, and the lessee was to erect a building thereon at a cost of not less than $300,000.

This case was commenced in the superior court of Maricopa County in November, 1935, but was not decided there until February, 1942. Meantime other litigation, hereinafter referred to, in reference to the property has been decided.

Before the assignment of the lease herein involved the Fox West Coast Theatres, the assignor of the defendant Fox Riverside Theatre Corporation herein, brought a declaratory action in the superior court of Maricopa County to determine the validity of the lease in question before the expenditure of the large amount of money involved for the erection of the improvements thereon. Said superior court held that the lease was a valid lease, and this Court in the case of *Woodward et al.* v. *Fox West Coast Theatres,* 36 Ariz. 251, 284 Pac. 350, held the lease to be valid.

The City of Phoenix in answering the plaintiff's complaint claims that the improvements erected thereon were, under the terms of the lease, a part of the realty,

"and alleges that the attempt of said plaintiff to assess for taxation the property described in said complaint is in violation of the express provisions of Section 2 Article 9 of the Constitution of the State of Arizona, which provides 'that there shall be exempt from taxation all federal, state, county and municipal property, . . . .' ''

Among the many things contended by the defendant Fox Riverside Theatre Corporation is the following:

"It is further the contention of this defendant that said buildings and improvements are owned by defendant City of Phoenix, because they became, upon their erection, a part of the real estate upon which they were constructed, which real estate is owned by said city; and further because there is no provision in the lease for removal thereof upon the termination of the lease . . . ."

And further,

"It is the contention of this defendant that under the agreement with the City of Phoenix, made by this defendant's assignor, as aforesaid, this defendant is entitled, if the Court shall find that either the said building and improvements or the leasehold interest of this defendant is subject to taxation and assessable to this defendant, to deduct from the amount due as rental under said lease from this defendant to said City, such amounts as shall be paid by this defendant to the County of Maricopa and/or the State of Arizona as taxes upon said property; . . . ."

During the pendency of this cause in the Superior Court of Maricopa County an action was brought by the Fox Riverside Theatre Corporation, one of the defendants herein, against Maricopa County, its Board of Supervisors and County Assessor, to enjoin them from assessing the leasehold interest of the defendant Fox Riverside Theatre Corporation in the property herein described. That action was brought to this Court under the title of *Maricopa County* v. *Fox Riverside Theatre Corporation,* 57 Ariz. 407, 114 Pac. (2d) 245, 246, to determine three questions:

" . . . (a) may a leasehold interest in real estate owned in fee simple by a municipality, held by a private corporation which is using the interest for commercial purposes, be assessed and taxed separately from the fee without violating the constitution of Arizona; (b) if it may be so assessed and taxed, has our legislature set up machinery for the exercise of such powers; and (c) may these questions be tested by the owner of the leasehold in a suit for injunctive relief."

The Court therein answered the first question to the effect

" . . . that the state has the power under our constitution to provide for the assessment and taxation of leasehold interests in municipal property which have been granted to private individuals or corporations."

Answering question (b) the court in said cause stated,

" . . . a careful study of the provisions of our statutes in regard to the method of assessing real estate and collecting the taxes thereon shows that they are not adapted to, nor, indeed, workable when it concerns property of the nature of a leasehold interest, such as the one involved herein.

" . . . But nowhere do we find any reference in the statutes to taxation of leaseholds, nor any effort of the taxing bodies of the state to tax them, nor any decision of the courts of this state that they are subject to taxation. . . .

"We think this language clearly applicable to the situation in regard to the taxing of leaseholds, and we hold, therefore, that since the legislature has not expressly provided that leaseholds of this nature should be taxed, and has set up no machinery by which such a taxation could be carried into effect, question (b) should be answered in the negative."

The third question does not concern us in this cause, but naturally because of the opinion therein decided was answered in the affirmative.

The lease in the present case expressly contains the provision that the building upon its completion shall be the property of the City of Phoenix.

In the case of *City of Oakland* v. *Albers Bros.' Milling Co.,* 43 Cal. App. 191, 184 Pac. 868, 869, submitted by one of the appellees and a case quite similar to this one, it is stated:

" . . . in the case at bar the improvements in question are expressly made the property of the city of Oakland, and hence the defendant herein could not have for any purpose any ownership in them. . . . "

In this case, like the one herein, substantial buildings and improvements were erected and, as in this case, they were part of the consideration for the lease.

In disposing of this case we feel that we cannot make any declaration in reference to the taxation of

the leasehold except to express ourselves in keeping with the case of *Maricopa County* v. *Fox West Coast Theatres, supra,* and as to what the procedure of the defendant Fox Riverside Theatre Corporation would be in event machinery in this state is ever established to tax and assess its leasehold interest, in order that it could receive credit for the payment of rent to the City of Phoenix in the amount it has to pay for taxes, is not an issue for us to determine in this case.

This case engrossed the attention of the writer of this opinion for a long time with the hope that the law would uphold the appellant herein and a revenue would be paid to the county and state, but this Court's own decisions in the cases herein quoted precludes such an opinion and this Court is reconciled to the judgment herein rendered as being the only course that could be followed under the circumstances.

██ The building is clearly a part of the realty, accordingly the property of the City of Phoenix, in keeping with the lease wherein it was agreed that the building would be erected in part consideration for the leasehold interest, therefore the building cannot be taxed; the leasehold interest may be taxed, only, and when, as held in the case of Maricopa County v. Fox Theatre Corporation "the legislature desires to change the present law" so as to provide for such taxation.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.