Frances Anderton died September 22, 1926, testate thus, in part:
"* * * * * * *Page 162 
"Second: — I hereby certify and declare that I have a Savings Account in the First Trust and Savings Bank of Moscow, Idaho, of approximately Eight Hundred Dollars, which is my separate property, and I direct my executor hereinafter named as soon after my death as convenient to pay to my following named children, to-wit: Edna Coleman, Marie Rivers, Louis E. Anderton, Kenneth Anderton, and Hollis Anderton the sum of One Hundred Dollars out of such Savings Account, and that the balance of such Savings Account I direct my executor hereinafter named to pay to my daughter, Frances Anderton.
"Third: — I further certify and declare that all other property aside from said Savings Account, whether such property be in my name or in the name of my husband, James E. Anderton is community property, and I hereby will, devise and bequeath to my husband, James E. Anderton, the life use of all the remainder of my estate, provided that my said husband shall remain single, and in the event of his death or in the event of his remarriage, then my one-half of the community property shall be divided equally among my six children named in Paragraph Two of this my Last Will and Testament.
"Fourth: — I hereby nominate and appoint my beloved son Kenneth Anderton as executor of this my Last Will and Testament, hereby authorizing and empowering my said executor to loan out on safe securities only, such moneys as may be on hand and belonging to my estate at the time of my death, except the Savings Account mentioned in Paragraph Two of this my Last Will and Testament, and to pay the income thereof, to my surviving husband, James Anderton, as long as he may live or until such time as he may remarry, and to make equal division of the remainder of my estate among my six children named in Paragraph Two of this instrument at such time as my husband may die or at such time as he shall remarry, and I hereby authorize and empower the Probate Court of Latah County, State of Idaho, to issue Letters Testamentary to my executor hereinbefore named without bond, requesting, however, my said executor to consult and advise with H. Milgard of Moscow, Idaho, on all proposed investments. * * *"
By common consent of the parties, the $800 referred to in the Second Paragraph is not involved herein and is, therefore, not considered.
Respondent, Kenneth Anderton, qualified as executor October 18, 1926, but never functioned as such until September 17, 1942, when his appointment was revoked and appellant was appointed administrator with will annexed. The record is silent as to appellant's position of priority under Section 15-312, I.C.A. which prompted or justified his appointment.
Appellant April 5, 1944, sued respondent for an accounting[1] and to recover $2,086.82 *Page 163 
with interest at six percent from September 22, 1926, asserted to be deceased's share of community money extant at her death and which should have been taken into his possession for distribution under the will.
The husband was given only a life estate in the $2,086.82, enjoyment thereof being by the will expressly restricted to the income therefrom, as clearly the testator did not intend the investment and payment of the income clause to apply to the $800 because that was to be distributed immediately. Hence, it was the $2,086.82 that was to be safely invested and only the income therefrom paid to the husband during his lifetime.
Respondent seeks to avoid liability because money belonging to the estate had been, prior to his appointment as executor, paid out by James E. Anderton for attorney's fees, medical, hospital and funeral expenses and after his appointment, for tombstone expense and for special taxes and assessments upon the community real estate.
While respondent did not volunteer or seek the position of executor, and did not need to accept the appointment, but when he did qualify, he was charged with the fiduciary duty of collecting, recovering, and taking into his possession all assets of his testator and disbursing the same in strict compliance with the law and is responsible for any loss incurred by his culpable failure so to do. Sections 15-802, 15-1101, 15-1102, 15-1112, 15-1113, 15-1115 and 15-1124, I.C.A.; Schneeberger v. Frazer, 36 Idaho 737, at page 747,213 P. 568; Swinehart v. Turner, 44 Idaho 461, 259 P. 3; In re Estate of Fleshman, 51 Idaho 312, 5 P.2d 727; Pierson v. Pierson, 63 Idaho 1, 115 P.2d 742; Wiesenthal v. Goff, 63 Idaho 342, at page 349, 120 P.2d 248; In re Kennedy's Estate,120 Cal. 458, 52 P. 820, at page 821; In re Dolenty's Estate,53 Mont. 33, 161 P. 524, at page 527; Wheeler v. Bolton, 92 Cal. 159,28 P. 558; In re Estate of Sanderson, 74 Cal. 199,15 P. 753; 3 Bancroft's Probate Practice, page 1611, Sec. 945 et seq.; 33 C.J.S., Executors and Administrators, § 167, page 1136, and § 183, page 1158.
The authorities hold an executor responsible not only for property which comes into his possession, but also that which he reasonably should have taken into his possession.
The Probate Court held all such payments and expenditures valid and legal[2] and approved them, but gave judgment against respondent for $648 as improperly paid by James E. Anderton out of deceased's share of the community money admitted to be extant at the time of her death, of $4,173.71 (deceased's moiety being $2,086.85) on respondent's note obligation; and for $700 in connection with the $800 referred to in the "Second" paragraph of the will, no longer involved. *Page 164 
Respondent appealed to the District Court, which by stipulation of parties, heard the matter upon the transcript of the proceedings in Probate Court and found anent the above payments that: "* * * said James E. Anderton, husband expended from said accounts ($4,000.00 savings account and $173.71 checking account) the sum of approximately $3,634.42 upon charges, bills and accounts of Frances Anderton, deceased, and of the estate of Frances Anderton, deceased, and from the share of Frances Anderton in said accounts, which share amounted to only $2086.85; * * *." reversed the Probate Court and ordered judgment in favor of respondent.
Respondent is not represented by counsel and while he made in propria persona an oral statement at the hearing of the case, we have no brief elucidating his position.
Respondent evidently accepted the burden of justifying, in the nature of an accounting, the expenditures made by James E. Anderton as lawful charges if they had been properly presented and as enforceable against the funds of the estate, and though their payment was irregular, as ultimately they should and would have been paid, no loss resulted. See In re Grant's Estate, 2 Cal.2d 661, 43 P.2d 266.
Assuming such position is tenable and finds general support in Hubbard v. Ball, 59 Idaho 78, at pages 96, 97, 81 P.2d 73; In re Aldersley's Estate, 174 Cal. 366, 163 P. 206, at page 209, and Sec. 15-1114, I.C.A., though highly irregular and not approved as appropriate administration (15-1113, I.C.A.), the record with regard to the attorney's fees of $78.50, consists solely of a letter from J.E. Anderton to Kenneth Anderton and leaves it so doubtful and problematical that this fee was for any services rendered respondent as executor, that we cannot affirm its approval.
The payment of the physician's fees of $500, hospital bill of $112, funeral expenses of $344 and a tombstone, $162, was in accord with the will and applicable statutes — hence, may be credited to respondent. Sec. 15-1127, I.C.A.; Hubbard v. Ball, supra; 24 C.J. 308, § 929; 34 C.J.S., Executors and Administrators, § 385, p. 138.
No deduction may be allowed for taxes paid by the surviving husband, as it was incumbent upon him as owner of the life estate to pay them. Sec. 54-311, I.C. A.; Wilson v. Linder,21 Idaho 576, at page 584, 123 P. 487, 42 L.R.A., N.S., 242, Ann.Cas. 1913E, 148; Newport v. Hatton, 195 Cal. 132,231 P. 987, at page 991; Abernethy v. Orton, 42 Or. 437, 71 P. 327, 95 Am.St.Rep. 774; Los Angeles County v. Winans, 13 Cal.App. 234,109 P. 640; Anderson v. McClenathan, 62 Mont. 387, 205 P. 230; Riley v. Collier, 111 Okl. 130, 238 P. 491; 31 C.J.S., Estates, § 47, p. 59; Thayer v. Shorey, 287 Mass. 76, 191 N.E. 435, 94 A.L.R. 311.
Paving assessments amounting to $1,397.18 were levied against some of the real *Page 165 
property between December 22, 1926, immediately after deceased's demise, and August 17, 1942, when his death terminated James E. Anderton's life estate. Respondent sought credit for the full amount paid on decedent's share, which, if allowed, means the life tenant paid none. Sec. 54-311, I.C.A., requires such assessments to be equitably apportioned and that is generally the rule. 31 C.J.S., Estates, § 47, p. 59; Crowell v. Seelbinder, 185 Ark. 769, 49 S.W.2d 389, 83 A.L.R. 793.
We have no statute requiring a life tenant to pay insurance on the life estate and evidently it is not considered waste for him not to do so. The authorities are divided as to whether he may carry it for his sole benefit or it will be for the joint benefit of himself and the remainderman or the remainderman must carry his own. 31 C.J.S., Estates, § 46, p. 59; Stahl v. Schwartz, 81 Wn. 293, 142 P. 651; Corder v. McDougall,216 Cal. 773, 16 P.2d 740; In re Hale's Estate, 142 Or. 23,18 P.2d 808.
The record is insufficient to indicate how the paving assessments or the permiums on the fire insurance policies should have been apportioned as between the life tenant and remaindermen and — women.
Giving respondent credit under the most liberal interpretation possible of his obligations, the cause must be reversed and ordered remanded to the Probate Court with instructions to take evidence and determine whether attorney's fees are at all chargeable against the estate in any amount for services rendered respondent;[3] the proportion of special assessments and insurance which should be borne by decedent's estate and deduct these with the credit for medical, hospital and other expenses amounting to $1,118 from $2,086.82 and strike a balance accordingly; and further take evidence to determine whether by reasonable means, respondent could have recovered such balance from James E. Anderton for the benefit of the estate. Sec. 15-1104, I.C.A.; Dixon v. Norman, 64 Cal.App. 21,220 P. 321; 33 C.J.S., Executors and Administrators, § 183, p. 1158.
The judgment of the District Court is thus reversed. No costs allowed.
BUDGE, HOLDEN, and MILLER, JJ., concur.
[1] Stapley v. Stapley, 29 Ariz. 487, 242 P. 1005.
[2] Barber v. Superior Court, 43 Cal.App. 221, 184 P. 952.
[3] Needham v. Needham, 34 Idaho 193, at page 198, 200 P. 346.