378 P.2d 628

**Mrs. Myrtle TOBIAS, Plaintiff-Appellant,**

**v.**

**STATE TAX COMMISSION, State of Idaho, County Commissioners of Canyon County, Idaho, Acting as a Board of Equalization of Canyon County, Idaho, and Assessor of Canyon County, Idaho, Defendants-Respondents.**

**Mrs. Mina GATES, Plaintiff-Appellant,**

**v.**

**STATE TAX COMMISSION, State of Idaho, County Commissioners of Canyon County, Idaho, Acting as a Board of Equalization of Canyon County, Idaho, and Assessor of Canyon County, Idaho, Defendants-Respondents.**

**Mrs. Fred R. MITCHELL, Plaintiff-Appellant,**

**v.**

**STATE TAX COMMISSION, State of Idaho, County Commissioners of Canyon County, Idaho, Acting as a Board of Equalization**

of Canyon County, Idaho, and Assessor of Canyon County, Idaho, Defendants-Respondents.

Mrs. R. C. PASLEY, Sr., Mrs. F. M. Cole and Mrs. L. D. Biondel, Plaintiffs-Appellants,

v.

STATE TAX COMMISSION, State of Idaho, County Commissioners of Canyon County, Idaho, Acting as a Board of Equalization of Canyon County, Idaho, and Assessor of Canyon County, Idaho, Defendants-Respondents.

Nos. 9141–9144.

Supreme Court of Idaho.

Feb. 1, 1963.

Alexanderson & Davis, Caldwell, for appellants.

C. Robert Yost, Pros. Atty., Caldwell, for respondents County Commissioners and Assessor of Canyon County.

Frank L. Benson, Atty. Gen., J. N. Leggat, Special Asst. Atty. Gen., Boise, for respondent State Tax Commission.

SMITH, Justice.

Appellants, taxpayers, commenced these proceedings for the purpose of determining the legality of tax assessments against their certain property interests. The pending appeals resulted from a judgment of the district court validating the assessments.

During the year 1950, Idaho State Chapter, P.E.O. Sisterhood, Inc., hereinafter

sometimes referred to as the Sisterhood, was incorporated in Idaho as a non-profit corporation. It acquired certain real property in Caldwell, Canyon County, during the years 1950 and 1955, to which it holds title.

At various times beginning in 1955, appellants, members of the Sisterhood entered into written contracts with the Sisterhood corporation whereby appellants agreed to, and they did, at their respective costs construct dwellings in and upon certain described tracts included within the boundaries of the corporation's real property. The Sisterhood agreed that appellants, during their respective lifetimes, could reside in the dwellings so constructed. Thereafter, the structures would become available for occupancy by other members of the Sisterhood.

On November 16, 1959, the Canyon County Assessor placed upon the county's "subsequent personal property roll," I.C. § 63-1205, the said property interests of appellants, and taxes were levied thereon. Assessed valuations for tax purposes of the respective dwellings were comparable to assessed valuations of similar residences owned in fee simple by other taxpayers in Canyon County.

Appellants, on December 18, 1959, paid under protest the taxes so assessed, contending that they were not the owners of the properties. Appellants filed their protests with the County Commissioners of Canyon County sitting as a Board of Equalization in respect to personal property, at its December 1959 meeting. The Board denied the protests.

Appellants appealed to the State Tax Commission. Hearing was had on January 6, 1960, and subsequently, the Commission entered its orders upholding the assessments. Appeals were taken to the District Court of the Seventh Judicial District in and for Canyon County. The proceedings were consolidated and tried de novo before the District Court on December 13, 1960. The court affirmed the prior decisions of the Commission. Appellants perfected their respective appeals to this Court, and here the appeals are consolidated.

■ At the outset respondents claim that the appeals from the State Tax Commission to the district court did not frame the issues as required by I.C. § 63–2214. The record shows that respondents' motions to dismiss these appeals were not specifically ruled upon. The proceedings were tried and adjudged on their merits; this in effect constituted denial of respondents' motions to dismiss. Respondents did not cross appeal; therefore there is no merit in this contention of respondents.

Issue No. 1. Does the assessor of Canyon County have the authority to levy tax assessments upon appellants' interests in the real property, i. e., the dwellings constructed thereon and occupied under life tenure

by appellants; and if he does, was the procedure used according to law?

Appellants contend that the assessor has no such authority in that they do not own and never have owned the property.

The instruments of "Lease" include covenants whereby if the lessees breach the covenants, the life tenancy can be terminated; other covenants include agreements preventing the lessees from removing the structures, prohibiting assignment without the consent of lessor, and requiring payment of all taxes assessed against the real property. Because of those covenants, appellants contend that their interests are leasehold interests. They contend that they do not own taxable property; in effect they argue that because of the provisions of the leases, they do not own freehold interests.

■ Estates or interests in lands are of two kinds: freehold estates, consisting of any estate of inheritance or for life in either a corporeal or incorporeal hereditament existing in or arising from real property of free tenure; and estates less than freehold, consisting of estates for years, estates at will and estates at sufferance. Fowler v. Marion & Pittsburg Coal Co., 315 Ill. 312, 146 N.E. 318.

" * * * a freehold estate is an interest in real property, that is measured at least by a life, and * * * includes all lifetime interests as well as for such as are greater. * * * A life estate is an interest in real property, the duration of which is limited by the life of some person. * * * It is of no consequence how uncertain the duration of the estate may be. If it can or may continue during a life, it is a freehold or life estate. It outranks an estate for hundreds of years, because it is said that no one knows how long a man may live." Thompson on Real Property, Vol. 2, § 780.

■■ An estate measured by a tenant's life is a freehold, though subject to termination upon a future contingency during the lifetime. Jones v. Jones, 281 Ill. 595, 117 N.E. 1013. Appellants own freehold estates and not leasehold interests as they contend. The fact that these life estates were created by so-called instruments of lease, does not constitute them something less than life estates. See 33 Am.Jur., Life Estates, § 2.

Since appellants own life estates in real property, it must be ascertained whether such interests are taxable in this state.

■ Respondents contend that a life tenure in real property is subject to assessment and taxation. Respondents cite I.C. §§ 63–109 and 55–311, and In Re Anderson's Estate, 67 Idaho 160, 174 P.2d 212, to support this position. Although such is the general rule of law, respondents' authority does not specifically support this position. I.C. § 63–109 enunciates the statutory definition of personal property for the purposes of tax-

ation, but contains no reference to a life estate in real property. I.C. § 55–311 specifies that the owner of a life estate, inter alia, "must pay the taxes and other annual charges, and a just proportion of extraordinary assessments benefiting the whole inheritance," although not specifically providing that a life estate is taxable. In Re Anderson's Estate, supra, the Court, while not specifically holding that a life estate is assessable and taxable to the owner thereof, did hold that under I.C. § 55–311, it was incumbent upon the owner of the life estate to pay the taxes assessed against the property.

I.C. § 63–101 provides that "[a]ll property within the jurisdiction of this state, not expressly exempted, is subject to assessment and taxation"; and I.C. § 63–108 after providing that, for taxation purposes, real property shall be construed to include buildings, structures and improvements in and upon land, includes as taxable real property, "all rights and privileges thereto belonging, or in anywise appertaining, * * * and all other property which the law defines, or the courts may interpret, declare and hold to be real property under the letter, spirit, intent and meaning of the law." Taxes assessed become a lien upon the property so assessed. I.C. § 63–102.

■ Our examination of the statute fails to disclose exemption from taxation of freehold estates such as appellants own. Taxation of such estates is included within the purview of I.C. § 63–101 which subjects property or interests therein to assessment and taxation, unless expressly exempted; also within the definition of real property contained in I.C. § 63–108, and the mandate of I.C. § 63–102 that all real property subject to taxation must be assessed.

In American Law of Property, § 2.19 (1952 Ed.), it is stated: "The life tenant's duty to pay taxes and other carrying charges does not arise as a contractual obligation, but is imposed by law as an incident attaching to his estate * * *."

Appellants cite competent case authority to support their position that where the legislature has not expressly provided for taxation of leasehold interests on property otherwise exempt from taxation, the courts will not uphold an attempt to tax those interests. See Maricopa County v. Fox Riverside Theatre Corp. (Ariz.), 114 P.2d 245; Maricopa County v. Fox Riverside Theatre Corporation (Ariz.), 135 P.2d 513; First Nat. Bank of Portland v. Marion County (Or.), 130 P.2d 9; City of Oakland v. Albers Bros.' Milling Co., 43 Cal.App. 191, 184 P. 868; Douglas Aircraft Co. v. Byram, 57 Cal.App.2d 311, 134 P.2d 15; Anno. 154 A.L.R. 1320. In these decisions leasehold interests, i. e., estates for years, were involved. In the cases under consideration here, freehold interests, not leasehold interests, are involved. Therefore, the cases un-

der consideration here are distinguishable from those which appellants cite.

Issue No. 2. Did the assessor properly enter upon the 1959 tax rolls, as personal property, the real property interests of appellants?

The assessor did not enter the property interests of appellants on the tax roll until November 16, 1959, approximately thirty days before the taxes were due and payable. I.C. §§ 63–1102 and 63–1302. The assessor must assess all real property and all personal property, "whereon the tax is a lien on real property, between the second Monday of January and the fourth Monday in June of each year. I.C. § 63–306.

The board of county commissioners of each county shall meet as a board of equalization on the fourth Monday of June in each year for the purpose of equalizing the assessment of property on the real property rolls; and shall meet on the first Monday in July in said year for the purpose of equalizing the assessment of property on the personal property roll; and must complete such business and adjourn on the second Monday of July. I.C. § 63–401. The duties of the county commissioners sitting as a board of equalization include the duty to determine complaints in regard to the assessment of any property entered upon the tax rolls. I.C. §§ 63–401 and 63–402. A subsequent tax roll for migratory livestock and other personal property, which has

theretofore escaped assessment, is provided by I.C. § 63–1203. The county commissioners again sit as a board of equalization at a December meeting, but only for the purpose of equalizing the assessed valuation of the personal property appearing upon the "subsequent personal property roll." I.C. § 63–1205, § 63–1904 and § 63–1905.

The statute of this State does not provide for entry of real property upon such subsequent tax roll as in the case of personal property; and the county board of equalization at its December meeting has not been empowered by the legislature to hear complaints as regards assessments of real property. Consequently, such board is not empowered to equalize assessments of real property or hear complaints in regard thereto except at the board's June and July meetings, as provided by I.C. §§ 63–401 and 63–402. Such board, at its December meeting, can only be concerned with equalization of assessments upon personal property.

In the cases here, while the board, at its December meeting, reviewed the assessment of appellants' property interests, nevertheless the board considered such property interests as personal property instead of real property.

Since appellants' interests are real property for purposes of taxation under I.C. §§ 63–101 and 63–108, and are required to be entered upon the tax roll as real property; and since the county board of equalization

is empowered to hear and determine complaints in regard to assessment of real property on the tax rolls at its June and July meetings and not at its December meeting; and inasmuch as appellants were not afforded opportunity to register their complaints in regard to the assessments for determination by such board at its June and July meetings, it necessarily follows that the assessor improperly included appellants' property interests upon the 1959 personal property roll. Appellants having paid under protest the taxes attempted to be so assessed as herein set out, are entitled to refund thereof.

The procedure prescribed by the legislature in respect to levying, assessing and collecting taxes must be strictly observed. Clark & Wilson Lumber Co. of Delaware v. Weed, 137 Or. 186, 2 P.2d 12; Perham v. Putnam, 82 Mont. 349, 267 P. 305; People ex rel. Pickerill v. N. Y. Cent. R. Co., 391 Ill. 377, 63 N.E.2d 405; Teichert v. County of Chippewa, 225 Minn. 406, 31 N.W.2d 11; People ex rel. Eitel v. Lindheimer, 371 Ill. 367, 21 N.E.2d 318, 124 A.L.R. 1472, appeal dismissed People of State of Illinois ex rel. Eitel v. Toman, 308 U.S. 505, 60 S.Ct. 111, 84 L.Ed. 432, rehearing denied 308 U.S. 636, 60 S.Ct. 137, 84 L.Ed. 529.

In view of our disposition of this appeal, we deem it unnecessary to rule upon appellants' remaining issue, i. e., whether the assessor pursued proper methods of determining the valuations of appellant's property interests for purposes of assessment, inasmuch as appellants must present any such complaints to the county board of equalization at its proper meeting therefor, for determination in the first instance.

The judgment of the district court is reversed and the causes remanded with instruction to enter judgment in accordance with the views herein expressed.

Costs to appellants.

KNUDSON, C. J., McFADDEN and TAYLOR, JJ., and DURTSCHI, District Judge, concur.