478 P.2d 140

**NAVAJO COUNTY, a body politic, L. Waldo DeWitt, John M. Hazelett and Robert A. Kennedy, as members of the State Tax Commission of the State of Arizona, Appellants,**

v.

**MONUMENT VALLEY INN, INC., an Arizona corporation, Appellee.**

**No. I CA–CIV 1235.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 24, 1970.

Rehearing Denied Jan. 19, 1971.

Review Denied Feb. 23, 1971.

Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellants.

Stevenson, Warden & Smith by William W. Stevenson, Flagstaff, for appellee.

CAMERON, Judge.

This is an appeal from a summary judgment granted to the Monument Valley Inn, Inc., against defendant Navajo County and the members of the State Tax Commission of Arizona, defendants in intervention.

We are called upon to determine:

1. Whether the State of Arizona, or political subdivisions thereof, may assess and levy taxes upon a leasehold estate (possessory interest or possessory rights) in real property.

2. If the answer to question 1 is yes, may the tax be levied on a leasehold estate in property located upon the Navajo Indian Reservation.

The facts necessary for a determination of this matter on appeal are as follows. Appellee is an Arizona corporation and operates a motel known as the "Monument Valley Inn" located in Kayenta, Arizona, on the Navajo Reservation. The officers, directors, and stockholders of the corporation are not members of the Navajo Tribe and the corporation operates the motel pursuant to a lease granted by the Navajo Tribe and the United States Department of the Interior, which is terminable in accordance with pertinent ordinances and regulations of the Tribe and the Secretary of the Interior. The land is owned by the Navajo Tribe and although the record is not clear it would appear that the Monument

Valley Inn, Inc., constructed the buildings upon the said land.

In 1967 the assessor of Navajo County levied an unsecured personal property tax upon said property in the amount of $4,899.50 based upon a valuation of $37,920 for possessory rights and $1,865 for equipment owned by the corporation. This amount was paid under protest and appeals lodged pursuant to statute. A tax in the amount of $10,230.86 was assessed for the year 1968 which was also paid under protest. This was also for "possessory interest."

The matter was appealed to the Superior Court of Navajo County at which time the State Tax Commission intervened as a defendant and the Navajo Tribe of Indians moved to intervene as a party-plaintiff. The State Tax Commission was allowed to intervene and the motion to intervene by the Navajo Tribe was denied as not being timely filed. All parties filed motions for summary judgment and the court entered its judgment:

"* * * [T]hat Plaintiff's Motion for Summary Judgment be and the same hereby is granted with respect to taxes assessed and levied on the possessory interests or possessory rights (plaintiff's leasehold estate) situate at Kayenta, Navajo County, Arizona, and being in and a part of the Navajo Reservation."

And:

"* * * [T]hat the Defendants' Motion for Summary Judgment with respect to taxes assessed and levied on equipment, i. e. unsecured personal property, belonging to Plaintiff, and situate on and used on connection with the above mentioned possessory or leasehold interests, be and the same is hereby granted."

The Monument Valley Inn did not appeal from the portion of the judgment which levied a tax on the equipment.

## MAY A LEASEHOLD ESTATE BE TAXED?

In determining whether or not our statutes allow the taxation of a leasehold interest, we must keep in mind the following statements:

"If a statute is ambiguous, it should be construed liberally in favor of the taxpayer and strictly against the state.

\* \* \* \* \* \*

"Inasmuch as a taxing statute must be strictly construed, we cannot extend its application to include something not specifically covered by the language thereof." Corporation Commission v. Equitable Life Assurance Soc., 73 Ariz. 171, 176, 178, 239 P.2d 360, 363, 364 (1951).

And:

"In this jurisdiction we are firmly committed to the doctrine that doubtful tax statutes should be given a strict construction against the taxing power, giving due regard to the expression of the legislative intent; and that the courts will not 'strain, stretch and struggle' to uncover hidden taxable items." State Tax Commission v. Miami Copper Company, 74 Ariz. 234, 243, 246 P.2d 871, 877 (1952).

Although the Arizona cases indicate that there is no constitutional impediment to the taxation of leasehold estates, they also hold that the legislature must specifically provide for taxation of such interests before the State may levy such a tax. Our Supreme Court has stated:

"We answer question (a) that the state has the power under our constitution to provide for the assessment and taxation of leasehold interests in municipal property which have been granted to private individuals or corporations.

"The second question is whether that power has been exercised, for there are many classes of taxation which the state may provide for but does not.

\*   \*   \*   \*   \*   \*

"We think this language clearly applicable to the situation in regard to the taxing of leaseholds, and we hold, therefore, that since the legislature has not expressly provided that leaseholds of this nature should be taxed, and has set up no machinery by which such a taxation could be carried into effect, question (b) should be answered in the negative." Maricopa County v. Fox Riverside Theatre Corporation, 57 Ariz. 407, 411, 412, 414, 114 P.2d 245, 247, 248 (1941).

And:

"The building is clearly a part of the realty, accordingly the property of the City of Phoenix, in keeping with the lease wherein it was agreed that the building would be erected in part consideration for the leasehold interest, therefore the building cannot be taxed; the leasehold interest may be taxed only, and when, as held in the case of Maricopa County v. Fox Theatre Corporation 'the legislature desires to change the present law' so as to provide for such taxation." Maricopa County v. Fox Riverside Theatre Corporation, 60 Ariz. 260, 265, 135 P.2d 513, 515 (1943).

The appellants contend that the present statutes allow the taxing of a leasehold interest as well as the collection thereof.

They cite § 42–203:

"Taxes on improvements upon real estate assessed to a person other than the owner of the real estate shall be a lien upon the land and improvements."

We agree that Title 42 of the Arizona Revised Statutes would appear to provide a method of collecting a tax on a leasehold estate if taxes were levied. We do not, however, find in the statute the authorization to so tax. If taxation of a leasehold estate is to be allowed, it must be provided for by legislation.

## MAY A TAX BE LEVIED ON PROPERTY LOCATED ON THE NAVAJO INDIAN RESERVATION?

Having decided that the State may not levy a tax on a leasehold estate or possessory right or interest, we do not need to discuss whether the fact that the land is located on the Navajo Indian Reservation would be a bar to the assessment and levying of the tax. But see Agua Caliente Band of Mission Indians v. County of Riverside, D.C., 306 F.Supp. 279, 283 (1969) and Industrial Uranium Company v. State Tax Commission, 95 Ariz. 130, 132, 387 P.2d 1013 (1963).

Judgment affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.