530 P.2d 1134

**NAVAJO COUNTY, a political subdivision of the State of Arizona, Raymond H. Randall, Individually and as County Treasurer of Navajo County, William M. Smith, M. J. "Mike" O'Haco, Max E. Taylor, Individually and as members of the Board of Supervisors of Navajo County, Arizona, Appellants,**

v.

**PEABODY COAL COMPANY, a corporation, Appellee.**

**No. 1 CA-CIV 2368.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 23, 1975.

Rehearing Denied March 4, 1975.

See 532 P.2d 201.

Review Denied April 15, 1975.

Bruce E. Babbitt, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellants.

Fennemore, Craig, von Ammon & Udall by Philip E. von Ammon, Donald R. Gilbert, Phoenix, for appellee.

## OPINION

OGG, Presiding Judge.

Navajo County issued a property tax assessment against Peabody Coal Company for its mining operations on the Navajo and Hopi Reservations in Navajo County, Arizona. Peabody paid the tax under protest and filed a complaint in the Superior Court of Navajo County to recover the monies paid. Peabody moved for summary judgment alleging that no statutory authority existed for the assessment and that since it was only a lessee of the land the assessment was an unconstitutional attempt to tax the lands or minerals of Indian owned property. The trial court granted the motion, stating that there was no statutory authority for the tax assessment.

Before this court, appellant Navajo County contends that Peabody's interest in the mine is tantamount to fee ownership and, even if it is not a fee ownership, the leasehold interest is subject to the tax via § 42–124 A, Ariz.Rev.Stat.Ann. We are unable to agree with appellant and affirm the judgment of the trial court.

Appellant's first argument is essentially that Peabody's rights in the mine are so complete that in effect they have a fee interest. Since that interest is tantamount to a fee, argues appellant, it is carried outside the auspices of Article XX of the Arizona Constitution, A.R.S., which prevents taxation on Indian lands or minerals.

The mine was leased to Peabody Coal pursuant to Title 25 of the United States Code, section 396a. This lease was approved by the Secretary of the Interior, as required by statute. Under this lease, Peabody undoubtedly had some interest in the property; we do not dispute that fact. However, in our opinion, that interest is not tantamount to fee ownership. This exact point has been urged before Division Two of this court and similarly rejected. Pima County v. American Smelting And Refining Co., 21 Ariz.App. 406, 520 P.2d 319 (1974).

We have concluded that the interest held by Peabody is incapable of being taxed as a fee interest. If, however, statutory authority exists for the imposition of a tax upon a leasehold interest there is no constitutional impediment to prevent it. Navajo County v. Monument Valley Inn, Inc., 13 Ariz.App. 525, 478 P.2d 140 (1971). Appellant Navajo County urges that the authority to assess the tax exists under § 42–124 A, Ariz.Rev.Stat.Ann.

"A. On or before the first Monday in June the department shall find the full cash value of *all patented and unpatented producing mines,* the personal property used thereon, the improvements thereto and the mills and smelters operated in conjunction therewith within the state and on or before the third Monday of June transmit to the several boards of supervisors the valuation thereof." [Emphasis added]

Specifically appellant contends that the language "all patented and unpatented producing mines" was intended to include a leasehold interest such as that held by Peabody Coal. In furtherance of this position Navajo County points to § 42–201(6), Ariz.Rev.Stat.Ann. which defines a producing mine as:

"6. 'Producing mine or mining claim' means any mine or mining claim from which any coal . . . has been extracted for commercial purposes . . ."

Navajo County asserts that once the definition of § 42–201(6) is read into § 42–124 A, authority for taxation of the leasehold interest of Peabody exists.

The phrase "mining claim" was first elucidated upon in Earhart v. Powers, 17 Ariz. 55, 148 P. 286 (1915). In an explanation of the distinction between the terms "mine" and "mining claim" the court stated that:

"[t]he title and right, thus acquired by virtue of a valid location of a lode mining claim upon the public domain, is, until a sale by the government in accordance with the provisions of the law on that subject, nevertheless subject to the

paramount title of the United States to the lands upon which such claims may be located, and such right may be forfeited by a failure to perform the conditions imposed by the government for holding the property, as for instance, the doing of the necessary annual work thereon required by law. This possessory right, with the enjoyment incident thereto called a mining claim, is, after the acquisition of the title to the land on which it is located by a patent from the government, called a mine. Thus in the simplest language of the law we are advised of the status of this kind of property. By the term 'mining claim' the possessory right is indicated, and by the term 'mine' the title to the land as distinguished from the mere possessory right thereto is betokened. We find an ample recognition of this distinction in our statute governing the subject of taxation, wherein the use of the words 'mines and mining claims' is made to distinguish between the cases in which there is ownership of the land and therefore perfect title to the mine, and those cases wherein the miner has the exclusive right of possession and enjoyment of the land for mining purposes." 17 Ariz. at 56–57, 148 P. at 287.

Navajo County concludes that since the phrase "producing mine" used in § 42–124 A, includes a "mining claim," which as defined by Earhart is only a possessory right, then the leasehold interest of Peabody Coal becomes taxable.

■ Appellee Peabody Coal interprets the language of Earhart as defining "mine" and "mining claim" only as it relates to mines initially claimed under the Mineral Location Law of 1872. Appellee also points out the Legislature's intention not to tax leasehold interests.

"In both 1969 and 1971 the Arizona legislature considered, but refused to enact, legislation which would have imposed a tax on leasehold interests. See Senate Bill 37 of the 29th Legislature, 1st Regular Session, introduced on January 21, 1969; House Bill 41 of the 30th Legislature, 1st Regular Session, introduced on January 13, 1971; Senate Bill 140 of the 30th Legislature, 1st Regular Session, introduced on February 3, 1971." Pima County v. American Smelting and Refining Co., 21 Ariz.App. 406, 409, 520 P.2d 319, 322 (1974).

Interpretation of a statute requires deference to the intentions of the Legislature. Arnold Construction Co. Inc. v. Arizona Board of Regents, 109 Ariz. 495, 512 P.2d 1229 (1973); Selective Life Insurance Co. v. Equitable Life Assurance Society of United States, 101 Ariz. 594, 422 P.2d 710 (1967). The intention of the Legislature not to tax leasehold interests is clear. Consequently, we are unable to read § 42–124 A as authorizing taxation upon the leasehold interest of Peabody Coal. There being no statutory authority for the tax, the assessment was improperly levied.

Since Peabody Coal's leasehold interest was not subject to taxation, the trial court properly granted its motion for summary judgment.

Affirmed.

DONOFRIO and STEVENS, JJ., concur.